In the Matter of the Application of JACOB SUCHMAN, Petitioner, for an Order against PAUL J. KERN, President, and Others, Commissioners, Constituting the Municipal Civil Service Commission for the City of New York, Defendants.

Supreme Court, Special Term, New York County, June 27, 1940.

*Albert DeRoode,* for the petitioner.

*William C. Chanler, Corporation Counsel,* for the defendants.

LEVY, J. This application is made to resettle the order of April 13, 1939, so as to provide for the certification of the petitioner as of the date when he would have been certified for appointment except for what was held to be his improper removal from the eligible list by the municipal civil service commission. The former order directed the commission to mark petitioner as qualified for certification as patrolman. The opinion, which sets

forth the facts, is reported under this title in *Matter of Suchman* v. *Kern* (170 Misc. 586). The court held that since the commission had previously found petitioner to be of good character for certification to an appropriate position other than patrolman, it could not thereafter consistently determine that his character was not good for the other position. Consideration of weaknesses for the primary appointment which he sought, it was pointed out, should be addressed to the discretion of the appointing power and is not a matter within the authority of the civil service commission.

The order was entered on April 13, 1939. A few days thereafter, pursuant to certification, the police commissioner appointed petitioner patrolman on probation. This trial period is limited to a maximum of six months. One day prior to its expiration the police commissioner dropped him from the rolls of the police department.

This motion to resettle, obviously designed to create a constructive date of appointment prior to April eighteenth, seems to be futile. It is patently a strategic move on the part of the petitioner to claim that his service as probationary patrolman has been allowed to extend, constructively at least, beyond the six-month period and has thus ripened into permanent tenure. There is no legal basis for such claim. His actual service began on the date he was appointed, and not when he should have been named. There is, to be sure, a good deal of discussion in the papers as to the trivial reasons which formed the ground for disapproval of his probationary service. The discretion of the commissioner, however, in that respect, is practically unlimited. Even if the unofficial charges of delinquency brought against the patrolman were of a trifling nature and far from adequate to sustain removal from permanent tenure, their sufficiency will not be reviewed on the basis of prejudice.

In thus ruling I am not unmindful of the fact that certain activities of the civil service commission subsequent to the promulgation of the opinion of March 29, 1939, are not to be commended as fair play. Thus, early in April at the time of the certification, and after the opinion had been published in the Law Journal, the commission certified petitioner's name with the following statement: " Jacob Suchman — is certified pursuant to Court Order. This Commission felt that because of his record both in private employment and in the Department of Sanitation, he was not qualified for the position of Patrolman. It seems to be a proper case for thorough investigation by the Police Department." And on April 20, 1939, two days after his appointment as patrolman, the president of the commission solicitously wrote to the

police commissioner, stating that despite the fact that the commission was reversed in " Our action in disqualifying this man for the Police Force, we still feel that our original action was justified and therefore commend for your careful consideration the entire record of the case."

Obviously, that communication was intended to serve some purpose, and it is equally plain that its purpose was to convey the thought that the conduct of the police commissioner should be in conformity with the prior action of the civil service commission, although that result had already been criticized by the court. If the commission felt aggrieved its appeal was from the order and not to the police department. If those statements were necessary for the conscientious discharge of public duty in order to acquaint the police commissioner with facts to be taken into consideration before appointing the man, there might have been some excuse. In the papers submitted on the original application it appears that the police commissioner, or his deputies, were fully acquainted with the controversy regarding petitioner's alleged weakness of character. Also, there might have been some excuse for the general notation by the commission that he was certified pursuant to court order. Nevertheless, to add the statement that " it seems to be a proper case for thorough investigation by the Police Department " appears to be a case of gratuitous officiousness on its part. There was certainly no extenuation for the personal letter of April twentieth, written by the president of the commission. While it may only, at most, closely approach the realm of contempt, I prefer to refer to it as a case of blundering and unyielding tactlessness.

The motion to resettle, unfortunately, must be denied.