In the Matter of FRANCIS O'BRIEN, Appellant, against MICHAEL J. HUGHES, as Mayor of the City of Lackawanna, et al., Respondents.— Final order reversed on the law and facts, with costs and final order granted restoring petitioner to his former position of park groundsman and awarding petitioner damages for loss of wages to be computed at Special Term. Memorandum: Petitioner entered the employ of the respondent city in June, 1934. He worked in the paint and in the carpenter shops. In 1941, he worked in the municipal stadium. In January, 1942, he was given the job of groundskeeper in the municipal stadium at a compensation of $1,500 per year. He was carried on the payrolls as a laborer in all of those jobs. On December 24, 1940, the petitioner filed with the respondents an application for registration as a laborer, paid the required fee, was given a number (295) and his name was duly placed on the respondents' labor list. All applications for labor jobs were listed under laborers and were registered on the labor list. In January, 1943, the New York Department of Civil Service submitted its reclassification report to the City of Lackawanna, wherein it listed the petitioner's job of groundskeeper "As Park Groundsman" and his "Proposed Jurisdictional Assignment" as "Competitive". On December 30, 1943, the Lackawanna Civil Service Commission adopted a resolution approving the schematic list of

classes, class specifications and allocation lists proposed in said report and adopted a resolution amending rule 39 to read in substance: " The labor class * * * includes * * * Park Groundsman ". This resolution was approved by the Mayor and by the State Civil Service Commission. From January 1, 1944, to March 24, 1944, the petitioner filled the job of park groundsman as a laborer and received the compensation as such. The petitioner is an honorably discharged veteran of World War No. I, but not a disabled veteran. The preference given to honorably discharged veterans applies to laborers. (*People ex rel. Fonda* v. *Morton,* 148 N. Y. 156, 163.) The statute gives to an honorably discharged veteran a right to be protected against arbitrary removal by requiring notice and a hearing where it is sought to oust him from his position in order to give it to another. A laborer holds a position, not an office. (*People ex rel. Davison* v. *Williams,* 213 N. Y. 130, 133.) But a veteran is not entitled to notice and a hearing unless he was validly appointed in the first instance. (*People ex rel. Hannan* v. *Board of Health,* 153 N. Y. 513, 520, 521; *Palmer* v. *Board of Education,* 276 N. Y. 222, 226; *Matter of Neary* v. *O'Connor,* 173 Misc. 696, affd. 260 App. Div. 986.) The facts indicate that the petitioner was legally appointed to his job from a labor list. This being the case he could not be removed from his position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges. (Civil Service Law, § 22, subd. 1.) No charges were preferred against petitioner. All concur. (The final order denies petitioner's application for an order of reinstatement, and dismisses the petition.) Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ.