William R. Brennan, Jr., J.
In an application pursuant to article 78 of the Civil Practice Act for an order directing the reinstatement of the petitioner to a position of custodian and custodian bus driver, the respondents move to dismiss the petition pursuant to section 1293 of the Civil Practice Act.
Examination of the petition reveals: that the petitioner was appointed to the position of cleaner by the respondents in August, 1957; that on May 27, 1961 a written competitive examination for custodian and custodian bus driver was given by the Nassau County Civil Service Commission; that on July 19, 1961 the petitioner was notified that he had passed the examination and was certified for appointment; that he was appointed on November 1, 1961; that on April 11, 1962 he was forced to resign; that he was not granted a hearing in accordance with sections 75 and 76 of the Civil Service Law.
Sections 75 and 76 refer to the removal of persons holding a position by permanent appointment. The petitioner contends that as he could have been appointed on or before August 1, 1961, his appointment should be considered as having been made *339 on that date rather than on November 1, 1961; and that, if August 1, 1961 be considered as the date of appointment, the six-month period of probation had expired before his discharge on April 11, 1962; that he was therefore a permanent employee who was entitled to the benefits of sections 75 and 76 of the Civil Service Law.
The promulgation of the list and the certification of the petitioner by the Nassau County Civil Service Commission did not constitute an appointment (see Matter of Murray v. McNamara, 303 N. Y. 140, 147). “ To appoint is to designate or assign to a position.” (Matter of Daub v. Coupe, 9 A D 2d 260, 265.) Here the respondents are vested with the power to appoint and they exercised that power on November 1, 1961. As in Matter of Suchman v. Kern (174 Misc. 343, 344): “ His actual service began on the date he was appointed, and not when he should have been named.” Accordingly, it must be held that as the petitioner’s six-month probationary period had not expired on the date of his discharge, the respondents were not obligated to grant him the hearing provided in section 75 of the Civil Service Law. Absent the violation of a legal duty, mandamus does not lie. The motion of the respondents is granted.
Reference is made by the petitioner to the petitioner’s status as a provisional employee at the time the list was promulgated and to the statute (Civil Service Law, § 65, subd. 3) which terminates such appointments “ within one month following the establishment of an appropriate eligible list for filling vacancies ”. It does not appear that petitioner was ever provisionally appointed to the position of custodian and custodian bus driver. His position prior to the appointment of November 1, 1961 was that of cleaner. Moreover, numerous authorities hold that a temporary or provisional appointment to a competitive position cannot ripen into a permanent appointment (Koso v. Greene, 260 N. Y. 491, 494, 495; Matter of Marasco v. Morse, 9 Misc 2d 296, affd. 263 App. Div. 1063, affd. 289 N. Y. 768; Matter of Camfield v. Mealy, 288 N. Y. 149; Matter of Daub v. Coupe, 9 A D 2d 260, 267, supra; Matter of Cuzzivoglio v. Hamlin, 13 A D 2d 614, affg, 202 N. Y. S. 2d 402).