Nicholas J. BEGICH, Appellant,

v.

Will Key JEFFERSON, Appellee.

Nicholas J. BEGICH, Donald E. Young, and George H. Hohman, Appellants,

v.

STATE of Alaska, Appellee.

No. 894.

Supreme Court of Alaska.

May 17, 1968.

**28**

Joe P. Josephson, of Pollock & Josephson, Anchorage, for appellants.

Will Key Jefferson, pro se.

Dorothy Awes Haaland, Asst. Atty. Gen., Anchorage, for appellees.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

OPINION

RABINOWITZ, Justice.

The broad question raised by this appeal is whether appellants are prohibited by article II, section 5 of the Alaska constitution from holding positions as school teachers while they serve as members of the Legislature of the State of Alaska. This section of the legislative article of Alaska's constitution provides:

> No legislator may hold any other office or position of profit under the United States or the State. During the term for which elected and for one year thereafter, no legislator may be nominated, elected, or appointed to any other office or position of profit which has been created, or the salary or emoluments of which have been increased, while he was a member. This section shall not prevent any person from seeking or holding the office of governor, secretary of state, or member of Congress. This section shall not apply to employment by or election to a constitutional convention.

In the superior court appellee State of Alaska instituted a declaratory judgment action seeking a ruling that article II, section 5 of the Alaska constitution prohibits a legislator from holding any other position of profit under the State of Alaska "including, but not limited to the positions of teacher, principal or superintendent of a state-operated school."[1] The State of Alaska also sought a determination that AS 24.05.040, a portion of our statutory law relating to the qualifications of legislators, was unconstitutional. This statute, substantially reiterates the text of article II, section 5 of our constitution. An amendment to this section, enacted in 1965,[2] provides:

> An office of profit as used in this section means an elective office on the state or federal levels of government, the holder

---

1. Throughout the period in question appellant Nicholas J. Begich held, and now holds, the position of superintendent of on-base schools at Fort Richardson, Alaska. During the same period, appellants Donald E. Young and George H. Hohman held, and presently hold, positions as school teachers.

2. SLA 1965, ch. 85, § 1.

of which is entitled to a salary; a position of profit means an appointive position on the state or federal levels of government, the holder of which has the authority to make policy and is entitled to a salary for his services. Employment as a 'teacher' as defined in AS 14.17.250 (12) shall not be considered as holding an office or position of profit.

In addition to the declaratory relief requested as to article II, section 5 of the Alaska constitution, and AS 24.05.040 as amended, the state also sought to enjoin appellants from holding positions of profit while they were members of the Legislature of the State of Alaska.[3]

In granting summary judgment in the separate action instituted by appellee Jefferson against appellant Begich, the superior court decreed that article II, section 5 of the Alaska constitution was unambiguous, that the position of superintendent of on-base schools at Fort Richardson, Alaska, held by appellant Begich, was a position of profit under the State of Alaska within the intendment of article II, section 5 of the Alaska constitution, that such "dual office holding" by appellant Begich was in direct violation of article II, section 5, that AS 24.05.040 is unconstitutional and void,[4] and that appellant Begich should be enjoined from acting as superintendent of on-base schools of the State of Alaska during any period he holds office as a member of the Legislature of the State of Alaska. In awarding summary judgment to appellee State of Alaska in its separate declaratory

judgment action against appellants, the superior court specifically decreed that:

[T]he positions of teacher, principal, or superintendent in a State operated school constitute positions of profit under Article II, § 5 of the Constitution of the State of Alaska, which provides that no legislator may hold any other office or position of profit under the United States or the State.

The order granting summary judgment also decreed that the 1965 amendment to AS 24.05.040 was inconsistent with article II, section 5 of the constitution of Alaska, and thus unconstitutional. It was further decreed that appellants "Begich, Young and Hohman are enjoined from holding their respective positions as teachers, or as school superintendent, while they are members of the legislature of the State of Alaska."[5]

■ The focus of our initial inquiry is upon the meaning of the phrase "position of profit" as used in article II, section 5 of the Alaska constitution. As originally proposed by the Committee on the Legislative Branch at the Alaska Constitutional Convention, section 5 read:

No member of the legislature shall hold any other office which has been created, or the salary or emoluments of which have been increased while he was a member of the legislature, during the term for which he was elected and for one year after the expiration of such term. No legislator or other elective or appointive officer of this state shall file

---

3. In a separate suit which was consolidated with the state's action, appellee Will Key Jefferson sued appellant Nicholas J. Begich and in part sought to enjoin appellant Begich from holding the position of superintendent of on-base schools at Fort Richardson, Alaska.

4. In the summary judgment which was entered, it was specifically stated:
That Chapter 85, Session Laws of Alaska, 1965, codified as part of Alaska Statutes 24.05.040, is contrary to the

specific prohibition of the Constitution of the State of Alaska insofar as it provides that:
'Employment as a "teacher" as defined in A.S. 14.17.250(12) shall not be considered as holding an office or position of profit.'
And, for that reason, is unconstitutional and void.

5. In both cases the superior court stayed the effect of its decrees pending appellate review.

or run for election to any other state office until his services have been terminated, but a member of one house of the legislature may be nominated and elected to the other house. This section shall not apply to positions of employment in or elections to any constitutional convention.[6]

When the Committee on the Legislative Branch first introduced its Committee Proposal No. 5 at the constitutional convention (section 5 of this proposal being the forerunner of article II, section 5), the committee also made of record its commentary concerning this proposal. In this document, it was stated in part that:

> It is generally agreed that the temptation to create jobs or to increase the salary in existing jobs which legislators would then accept ought to be removed.[7]

During the January 25, 1956, proceedings of the Alaska Constitutional Convention, Mr. Steve McCutcheon, chairman of the Committee on the Legislative Branch, submitted an amendment to the then proposed sections. The amendment offered an addition to section 5 which read as follows: "No legislator may hold any other office or position of profit under the United States or the State."[8] At the time this amendment was introduced, Mr. McCutcheon made the following statement:

> Mr. President, I will say, before objection is made, that it was the intent of the Legislature Committee that there should be no dual office holding from the standpoint of a legislator, and it was drawn to our attention that our article, Section 5 at least in the article, wasn't entirely clear that dual office holding was prohibited. So this terminology has been

offered in order to clarify and fortify that point.

It is apparent from the foregoing that any allusions at the constitutional convention to the meaning of the phrase "position of profit" were of a rather sketchy and inconclusive character. To further illumine the task of construing this language, we turn to other portions of our constitution in which "position of profit" has been employed. In article III, section 6, which deals with the executive branch of Alaska's government, it is provided that:

> The governor shall not hold any other office or position of profit under the United States, the State, or its political subdivisions.

In article IV of the Alaska constitution, the term "position of profit" is employed in two sections. In regard to the judicial council, which body is created by this article, section 8, provides in part that:

> No member of the judicial council, except the chief justice, may hold any other office or position of profit under the United States or the State.

Concerning the justices of this court, and superior court judges, article IV, section 14 provides in part:

> Supreme court justices and superior court judges while holding office may not practice law, hold office in a political party, or hold any other office or position of profit under the United States, the State, or its political subdivisions.

Also of importance is section 3 of article XII of Alaska's constitution. This article, entitled General Provisions, states in regard to "position of profit":

> Service in the armed forces of the United States or the State is not an office

---

**6.** 6 Proceedings of the Alaska Constitutional Convention, Appendix V, Committee Proposals and Commentary at 30.

**7.** The text of this same committee commentary then reads:
There have been instances in which legislators have virtually coerced governors into appointing them to state offices as the price for their action on the

governor's program; such deals would be prevented by requiring a year to elapse before eligibility. This section, furthermore, would prevent any state official from using his office or expense account as a vehicle for campaigning for another office.

**8.** 4 Proceedings of the Alaska Constitutional Convention (Jan. 25, 1956), at 3095.

or position of profit as the term is used in this constitution.

The foregoing provisions of Alaska's constitution shed considerable light upon the intended meaning of the phrase "position of profit." We have concluded that the trial court correctly determined that the provisions of article II, section 5 of the Alaska constitution are unambiguous. Upon a reading of the constitution as a whole, we deem it of paramount significance that the phrase "position of profit," in addition to restricting members of the legislature, has also been employed as a restriction upon members of the judicial council, justices of this court, superior court judges, and the chief executive officer of the State of Alaska. Use of the term "position of profit" in these articles of Alaska's constitution illuminates the reach the framers of our constitution intended to impart to this term in article II, section 5. This usage, considered with the fact that the constitution itself provides only two exceptions to

the scope of "position of profit," namely, article II, section 5's proviso that the section itself be inapplicable "to employment by or election to a constitutional convention,"[9] and article XII, section 3's provision that "service in the armed forces of the United States or of the State is not an office or position of profit as the term is used in this constitution," indicates to us that the framers intended to prohibit members of the legislature, judiciary, judicial council, and the state's chief executive officer from holding any other salaried nontemporary employment under the United States or the State of Alaska.

In reaching this conclusion, we reject appellants' primary contention that the phrase "position of profit" is synonymous with "office of profit," and that the only distinction between the two is that the former applies to appointive, as opposed to elective, offices or positions under the United States or the State of Alaska.[10]

9. In AS 22.05.130 of our statutes relating to the Supreme Court of Alaska, it is provided that:

> A supreme court justice while holding office may not practice law, hold office in a political party, or hold any other office or position of profit under the United States, the state, or its political subdivisions. A supreme court justice filing for another elective public office forfeits his judicial position.

By virtue of AS 22.10.180 the same restrictions were imposed upon superior court judges. In regard to our district judges, AS 22.15.210(a) establishes that:

> A district magistrate, while holding office, may not practice law, except before a federal district court or federal agency and if the practice does not interfere with the performance of his official duties as magistrate. Except as provided in this section, a district magistrate may not engage in the conduct of any other profession, vocation or business for profit or compensation, hold office in a political party, or hold any other office or position of profit under the United States, the state or its political subdivisions, except that the district magistrate may be appointed deputy clerk of the superior court and may hold the office of United States commissioner. A district mag-

istrate who files for an elective public office forfeits his judicial position.

As to deputy magistrates, the legislature, in AS 22.15.210(b), provides that:

> A deputy magistrate, while holding office, may not hold office in a political party. He may hold any other office or position of profit under the United States, the state or its political subdivisions, or engage in the conduct of any profession or business which does not interfere with the performance of his judicial duties or require that he repeatedly disqualify himself from judicial service because of a conflict of interest caused thereby.

10. As previously indicated, art. III, § 6 prohibits the governor from holding any position of profit under the United States, the state, or its political subdivisions. Section 14 of art. IV calls for the same prohibition (i. e., political subdivisions). No reference is made to political subdivisions in art. II, § 5.

Cf. Webster's Third New International Dictionary (2d ed. 1961) in which "position" is defined in part as "office, employment, vocation" and as "the group of tasks and responsibilities making up the duties of an employee."

Appellants cite authority to the effect that before any public employment can

As part of this argument appellants contend that the phrase "position of profit" is modified, and consequently narrowed, by the second sentence of article II, section 5 in which the terms "nominated," "elected," or "appointed" are "clearly intended exhaustively to catalogue the routes by which one can attain an 'office or position of profit.'" In our view the term "appointed," as used in article II, section 5, is sufficiently broad in meaning to encompass the hiring of employees, in particular, the employment of both school superintendents and teachers. We reach this conclusion based upon judicial precedent [11] concerning the meaning of "appoint" and the sense in which the word has been used in Alaska's statutes pertaining to education.[12] This treatment is reflected in AS 14.20.207(2) of our education laws which defines "employer" in the following manner:

'[E]mployer' means the school board or superintendent which appoints the teacher or, in the case of a teacher in the state-operated schools, the department * * *.

Additionally, AS 14.14.130(c) establishes that the superintendent of schools "shall select, appoint, and otherwise control all school employees and administrative officers serving under him subject to the approval of the school board." In light of judicial precedent holding that "appointment" is synonymous with "employment," and in view of our legislature's use of "appointment" as a synonym for "employment" in our education laws, we reject appellants' argument that the use of "appointed" in the second sentence of article II, section 5 necessitates the conclusion that teachers are outside the ambit of article II, section 5's restrictions. In short, we hold that teachers are "appointed," as that term is commonly and ordinarily understood, to positions within our educational system.

■ This holding necessitates return to appellants' initial contention that teachers do not hold positions of profit in the sense intended by the framers when they incorporated that phrase into the text of article II, section 5. We have already alluded to our belief that "position of profit" was intended to mean something more than merely an appointive office, as distinguished from an elective office. Analyzing the textual use of "position of profit" in the legislative, judicial, executive and general provisions articles of our constitution, we conclude that the term was intended to prohibit all other salaried non-temporary employment under the United States or the State of Alaska.[13] In reach-

be deemed to be a public office, the job must be one created by law; the job must possess a delegation of a portion of the sovereign power of government to be exercised for the benefit of the public; the powers and duties pertaining to the job must be defined directly or impliedly by the legislature or through legislative authority; the duties must be performed independently and without control of a superior power, other than the law, unless they are of a subordinate office created or authorized by the legislature, in which case the job must be placed by the legislature under the general control of a superior office or body; and the job must have some permanency and continuity and not be temporary or occasional in nature. See Farley v. Board of Educ. etc., 62 Okl. 181, 162 P. 797 (1917).

11. In Morris v. Parks, 145 Or. 481, 28 P. 2d 215, 216 (1934), the court said that, "The terms 'employ' or 'hire' are equivalent to 'appoint,'" citing Burnap v. Unit-

ed States, 252 U.S. 512, 40 S.Ct. 374, 64 L.Ed. 692 (1920); United States v. Butler, 49 F.2d 52, 54 (5th Cir. 1931); Gracey v. City of St. Louis, 213 Mo. 384, 111 S.W. 1159 (1908). See O'Brien v. Hughes, 270 App.Div. 1072, 63 N.Y.S.2d 780, 781 (1946); Guiliano v. Thomas, 36 Misc.2d 338, 232 N.Y.S.2d 328, 329 (Sup. Ct.1962).

12. AS 14.20.207 defines "teacher" as "a person serving in a teaching, counseling, or administrative capacity and required to be certificated in order to hold the position."

13. We again emphasize that art. II, § 5 itself provided that it was inapplicable "to employment by or election to a constitutional convention." The only other exception specified in the constitution is found in art. XII where it is established that service in the armed forces of the United States or the State of Alaska is not an office or position of profit as that term is used in this constitution.

ing this conclusion, we have in essence declined to follow two additional lines of argument which have been advanced by appellants. First, appellants argue that the constitution must be read as a whole and when read in this manner it is evident that the framers intended to distinguish "position of profit," or holders of positions of profit, from "mere employees" of the State of Alaska or the United States of America. Appellants ground this argument in part upon the provisions of sections 6 and 7 of article XII of Alaska's constitution.[14] Appellants' position here is that the framers used "employment" and "employee" in these sections and thus consciously distinguished between "employment" and "position of profit" as used in article II, section 5. As we have indicated, we draw a contrary conclusion from a reading of the constitution as a whole. The use of the term "position of profit" as a restriction pertaining to all three branches of government, and the limited exceptions to the scope of this restriction provided for in our constitution, leads us to the conclusion that the use of "employment" and "employee" in sections 6 and 7 of article XII is not determinative of the meaning of "position of profit." Our study has convinced us that the framers' choice of "position of profit" in the various sections of the constitution to which we have referred reflects their intent to adopt a term which was broad in scope. This same analysis results in the conclusion that the phrase "position of profit" was intended to bar members of the legislature, justices of this court, superior court judges, members of the judicial council, and the governor of the State of Alaska from concurrently holding any other salaried, non-temporary employment under the State of Alaska. In brief, we hold that superintendents of state schools and state school teachers hold positions of profit within the prohibition of article II, section 5 of Alaska's constitution.[15]

Appellants next argue that regardless of what interpretation of "position of profit" is adopted by this court, if appellants' positions as school superintendent and teachers are not held under the State of Alaska but rather, under one of the state's political subdivisions, then such positions are not incompatible with article II, section 5. Appellants base this argument upon a comparison of the text of article II, section 5 with other sections of the Alaska constitution in which reference is made to the state or its political subdivisions.[16] Appellants maintain that all school personnel associated with schools of the unorganized borough, as appellants are, are employees of "a political subdivision" of the state and not of the state itself. Appellee State of Alaska's position is that appellants hold positions within the state-operated school district, that this school district is not a political subdivision of the state, and that

---

14. Art. XII, § 6 provides: "The legislature shall establish a system under which the merit principle will govern the employment of persons by the State."

    Sec. 7 of art. XII provides:

    Membership in employee retirement systems of the State or its political subdivisions shall constitute a contractual relationship. Accrued benefits of these systems shall not be diminished or impaired.

    Appellants do not make any reference to art. VI, § 8 of the Alaska constitution regarding legislative apportionment and the composition of our reapportionment board. This section provides in part that the reapportionment board shall "consist of five members, none of whom may be public employees or officials."

15. Precedent from other jurisdictions reveal that the word "position" is often given a meaning which embraces both officers and employees. Brown v. Boyd, 33 Cal.App.2d 416, 91 P.2d 926, 930 (1939); State ex rel. Baldwin v. Strain, 152 Neb. 763, 42 N.W.2d 796, 801 (1950); Mylod v. Graves, 249 App.Div. 455, 293 N.Y.S. 430, 432 (1937); People ex rel. Earl v. England, 16 App.Div. 97, 45 N.Y. S. 12, 13 (1897). It is sometimes said that a "position" is an employment in which duties involved are continuous and certain.

16. See art. III, § 6 and art. IV, § 14 where the prohibition against holding positions of profit extends to such positions under political subdivisions of the state.

employment by the state-operated school district is nothing less than employment by the State of Alaska.

We reach the conclusion that the employment of appellants by the state-operated school system within the unorganized borough is not employment by a political subdivision of the State of Alaska. Article VII, section 1 of the constitution of the State of Alaska provides in part that:

> The legislature shall by general law establish and maintain a system of public schools open to all children of the State, and may provide for other public educational institutions.[17]

Pursuant to this constitutional authorization, the legislature enacted title 14 (education code). In establishing the districts of the state's public school system, AS 14.12.010(3) provides that

> the area outside organized boroughs and outside first, second, and third class cities is the state-operated school district.[18]

In regard to this state-operated school district, the legislature vested management and control of its operations in the state Department of Education.[19] It was further provided that the Department of Education was to furnish the "state money necessary to maintain and operate the state-operated school district."[20] In the definition section of our education laws, the legislature defined the word "employer" in the state-operated schools as meaning the Department of Education.[21] We think it apparent from the foregoing that school superintendents and teachers employed in the state-operated school district are employees of the State of Alaska. We further hold that the state-operated school district is not a political subdivision of the State of Alaska.[22] We, therefore, hold that appellants occupy positions of profit under the State of Alaska. Further, since the 1965 amendment to AS 24.05.040 is in conflict with article II, section 5 of Alaska's constitution, we affirm the superior court's

17. Secs. 4 and 5 of art. VII further provide that the legislature shall provide for the "promotion and protection of public health" and provide for "public welfare."

18. AS 14.12.010 further provides that:
    (1) each first, second, and third class city in the unorganized borough is a city school district;
    (2) each organized borough is a borough school district.

19. AS 14.07.010 established the Department of Education which includes "the commissioner of education, the state Board of Education, and the staff necessary to carry out the functions of the department."

20. AS 14.12.020 provides that:
    *Support, management, and control.*
    (a) Operation of the state-operated school district is under the management and control of the department.
    (b) Each borough or city school district shall be operated on a district-wide basis under the management and control of a school board.
    (c) The department shall provide the state money necessary to maintain and operate the state-operated school

district. The borough assembly for a borough school district, and the city council for a city school district, shall provide the money which must be raised from local sources to maintain and operate the district.

21. AS 14.20.207(2).

22. Art. X, § 2 of the Alaska constitution provides that all local government powers shall be vested in boroughs and cities. See Walters v. Cease, 394 P.2d 670 (Alaska 1964). Art. XV, § 3 of our constitution further provides:
    *Local Government.* Cities, school districts, health districts, public utility districts, and other local subdivisions of government existing on the effective date of this constitution shall continue to exercise their powers and functions under existing law, pending enactment of legislation to carry out the provisions of this constitution. New local subdivisions of government shall be created only in accordance with this constitution.
    On the basis of the foregoing, appellee State of Alaska argues that the intent of the constitutional convention was to create only two political subdivisions.

determination of the unconstitutionality of the 1965 amendment.[23]

■ Alaska's constitutional prohibition against members of our three separate branches of state government holding any other positions of profit under the State of Alaska reflects the intent to guard against conflicts of interest, self-aggrandizement, concentration of power, and dilution of separation of powers in regard to the exercise by these governmental officials of the executive, judicial, and legislative functions of our state government. The rationale underlying such prohibitions can be attributed to the desire to encourage and preserve independence and integrity of action and decision on the part of individual members of our state government. On the other hand, we recognize that citizens should be interested in and seek public office. Public service and concern for the welfare of our citizenry is essential if we are to have a viable state government. By today's decision we have not ruled upon the question of whether article II, section 5's prohibition precludes legislators from holding teaching positions under political subdivisions of the State of Alaska.

The superior court's summary and declaratory judgments are affirmed.

23. We agree with appellants' contention that if "position of profit," as used in Alaska's constitution, were ambiguous, this court would be bound to honor a reasonable construction of that phrase by the legislature.