George J. Aspland, J.
This is an article 78 proceeding in which petitioner seeks judgment directing (1) respondent personnel officer of the County of Suffolk to certify the payroll of the respondent school district and the appointment of petitioner as clerk-typist, and (2) that petitioner be continued in her employment of said respondent school district.
The facts are as follows:
On or about December 16, 1968, petitioner passed the clerk-typist test given by the Civil Service Department of the *1078 County of Suffolk and was placed on a list of persons eligible for appointment.
On or about December 23, 1968 petitioner was appointed from this list to the position of typist or stenographer in the office of the respondent Three Village School District, hereinafter "School District”.
Petitioner has continued in that employment in the respondent School District ever since that date.
In November, 1975, when respondent School District submitted its payroll to the respondent Personnel Department of the County of Suffolk (hereinafter "Commission”) for certification, the School District was notified that petitioner’s appointment had never been certified by the Commission.
The order to show cause under which this proceeding has been brought contains a provision staying respondents from taking any steps terminating petitioner’s employment or from refusing to certify the payroll, pending the hearing on this application.
The answer submitted by respondent School District admits the essential allegations contained in the petition. An affidavit of the Assistant Superintendent for Business Affairs of the School District, annexed to the answer, states that the records of their office indicate that petitioner was hired from either the clerk-typist or stenographer civil service list. Their records further indicate that she was in the top three on both lists with an 87% average in the clerk-typist examination and 86% in the stenographer examination. Further, their records show, petitioner has been continuously employed in the School District since December 23, 1968. The records do not reflect, however, whether the respondent Commission was ever notified of the appointment, or, if notification of appointment papers were sent, whether respondent Commission ever received them.
The answer submitted by respondent Commission contains an affidavit from the deputy director of the department stating, inter alia, that their records show that petitioner was number 1 on a civil service list for clerk-typist dated January 15, 1969. However, affiant says, upon information and belief, the school did not make the appointment from that list, which has long since expired. The failure to complete this necessary paper work is described as an "oversight”.
The matter at bar is closely analogous to several cases *1079 which petitioner has cited in her memorandum. (Matter of Pauli v Ambro, Nassau County, Index No. 1855/1968), affd 32 AD2d 741; Wilson v Willis, Suffolk County, Index No. 72-143031, Stark, J.; Quigley v Board of Educ., Suffolk County, Index No. 75-2516, Thom, J.).
In the Pauli case (supra), the court at Special Term said: "In this Court’s opinion, the respondent’s argument is without merit and petitioner is entitled to the relief he seeks. The respondent board, not the Suffolk County Civil Service Commission, was the appointing authority. 'To appoint is to designate or assign to a position’ (Matter of Daub v. Coupe, 9 A.D.2d 260, 265). The respondent board exercised its power to appoint petitioner on November 4, 1965, during the effective period of the eligibility list, and petitioner’s service as a permanent employee began on the date he was appointed (Matter of Suchman v. Kern, 174 Misc. 343, 344). Respondent’s failure to communicate that fact promptly to the County Civil Service Commission cannot be relied upon to thwart the purpose of section 75 of the Civil Service Law.”
On the authority of these cases, it is the judgment of this court that petitioner’s application must be sustained. Considering that petitioner has been continuously and satisfactorily employed for a period of almost eight years, it would be a gross miscarriage of justice to terminate her employment on a mere technicality or clerical error.
Accordingly the petition is granted in its entirety.
Submit judgment.