

# The Attorney General of Texas

December 22, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bill Clayton
Speaker of the House
State Capitol
Austin, Texas 78711

Opinion No. H-1304

Re: Whether a member of the legislature may be employed by the federal government.

Dear Speaker Clayton:

You ask:

1. May a member of the legislature be employed by the legislative branch of the federal government and receive a salary?

2. May a member of the legislature be retained on a contract for services by the legislative branch of the federal government and receive payment for services rendered?

3. May a member of the legislature receive federal funds indirectly as the officer of a corporation when that corporation is the recipient of a federal contract payment or grant?

The last sentence of article 16, section 40 of the Texas Constitution reads:

No member of the Legislature of this State may hold any other office or position of profit under this State, or the United States, except as a notary public if qualified by law.

We believe it is clear that a legislator may not be a salaried employee of a branch of the United States government.

Your other two questions involve legislators who directly or indirectly contract with the federal government. There is no specific prohibition in the constitution against a legislator contracting with the federal government.

Attorney General Opinion H-696 (1975).   The only issue would be whether the language of article 16, section 40 relating to "position of profit" covers contractual relationships.

The Texas courts have not had occasion to construe the "position of profit" language in article 16, section 40.   A virtually identical phrase in the Alaska Constitution was interpreted by the Supreme Court of Alaska.   That court concluded that a position of profit was a salaried nontemporary employment. Begich v. Jefferson, 441 P.2d 27 (Alaska 1968).   The California Supreme Court determined that a "position" connoted an employment to render service at a salary paid periodically and did not include an independent contractor.   Kennedy v. Ross, 170 P.2d 904, 906-7 (Calif. 1946).   A federal district court also used the employee-independent contractor distinction.   Karas v. Klein, 70 F. Supp. 469 (D. Minn. 1947). Several Attorney General opinions have indicated that an independent contractor does not occupy an office or position.   E.g., Letter Advisory No. 87 (1974); Attorney General Opinions V-1527 (1951), V-345, V-303 (1947).

Accordingly, it is our opinion that available legal authority is to the effect that a legislator is not per se prohibited by the constitution from being an independent contractor with the federal government.   Of course, any particular contract must be analyzed on a case by case basis to determine if questions arise under the ethics law, article 6252-9b, V.T.C.S., or the common law doctrine of incompatibility.

## SUMMARY

A legislator may not be employed by the federal govern-
ment, but available legal authority is to the effect that he is
not per se prohibited from entering into contracts with the
federal government.   Whether any particular contract
violates the ethics law or doctrine of incompatibility must
be determined on a case by case basis, depending on the
contract and the facts of the case.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

Honorable Bill Clayton  -  **Page 3**  (H-1304)


C. ROBERT HEATH, Chairman
Opinion Committee

jsn