OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

November 6, 2001

The Honorable Michael A. Stafford
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002-1700

Opinion No. JC-0430

Re: Whether a member of the Texas House of Representatives may be employed as an assistant county attorney (RQ-0395-JC)

Dear Mr. Stafford:

You have requested our opinion as to whether a member of the Texas House of Representatives may be simultaneously employed as an assistant county attorney. For the reasons set forth below, we conclude that he may not be so employed.

The last sentence of article XVI, section 40 of the Texas Constitution provides:

> No member of the Legislature of this State may hold any other office
> or position of profit under this State, or the United States, except as
> a notary public if qualified by law.

TEX. CONST. art. XVI, § 40. Both the courts and the attorney general have consistently said that an assistant district attorney is an "employee" rather than an officer. *See Powell v. State*, 898 S.W.2d 821, 825 (Tex. Crim. App. 1995); Tex. Att'y Gen. LO's 96-148, 89-082, 88-019. We believe it is equally clear that an assistant county attorney does not hold an "office" for purposes of article XVI, section 40.

It does not follow, however, that an assistant county attorney does not hold a "position of profit." A "position of profit" has been described as a "salaried nontemporary employment." *See* Tex. Att'y Gen. Op. No. H-1304 (1978) at 2; *see also Begich v. Jefferson*, 441 P.2d 27 (Alaska 1968). Furthermore, a compensated assistant county attorney holds a position of profit "under this State." In *Willis v. Potts*, 377 S.W.2d 622 (Tex. 1964), the Texas Supreme Court specifically determined that a member of a city council holds an office "under this state." Likewise, a school district employee holds a "position of profit under this state." Tex. Att'y Gen. LO-93-031, at 2. In our opinion, an assistant county attorney who is compensated from county funds unquestionably holds a "position of profit under this State." *Id.*

We note two opinions in which a legislator's holding of two different positions was held not to contravene article XVI, section 40, in circumstances somewhat similar to those you posit. In Attorney General Letter Opinion 93-031, this office said that a legislator was not as a matter of law prohibited from acting in the capacity of "independent contractor" for a school district on a part-time basis. *Id.* Similarly, in Attorney General Letter Opinion 95-022, the attorney general held that a legislator was not precluded from working as an independent contractor on a part-time basis for a county government. Tex. Att'y Gen. LO-95-022. Both opinions indicated that ultimate resolution of whether the legislator in fact qualified as an "independent contractor" would require the resolution of factual matters beyond the purview of the opinion process.

We do not believe, however, that an assistant county attorney may properly be classified as other than an "employee." Section 41.102 of the Government Code provides that "[a] prosecuting attorney may *employ* the assistant prosecuting attorneys, investigators, secretaries, and other office personnel that in his judgment are required for the proper and efficient operation and administration of the office."[1] TEX. GOV'T CODE ANN. § 41.102(a) (Vernon Supp. 2001) (emphasis added). We conclude that a state representative may not be employed as an assistant county attorney.

---

[1]Although the Harris County Attorney does not prosecute criminal cases, TEX. GOV'T CODE ANN. § 45.201 (Vernon 1988), section 41.101 defines "prosecuting attorney" for purposes of chapter 41 of the Government Code as "a county attorney, district attorney, or criminal district attorney." *Id.* § 41.101.

## S U M M A R Y

A member of the Texas House of Representatives is prohibited by article XVI, section 40 of the Texas Constitution from simultaneously serving as an assistant county attorney.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee