

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

December 27, 2005

The Honorable Joe Nixon
Chair, Committee on Civil Practices
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0386

Re: Whether a legislator may simultaneously serve as president of a municipal management district operating under chapter 375, Local Government Code (RQ-0385-GA)

Dear Representative Nixon:

You ask whether the president of a municipal management district operating under Local Government Code chapter 375 may simultaneously serve as a member of the Texas Legislature.[1]

Local Government Code chapter 375 authorizes the creation of a municipal management district (a "district") "to promote, develop, encourage, and maintain employment, commerce, economic development, and the public welfare in the commercial areas of municipalities and metropolitan areas of this state." TEX. LOC. GOV'T CODE ANN. § 375.001(b) (Vernon 1999); *see also id.* § 375.021 -.027 (creation of district). A district "is a governmental agency, a body politic and corporate, and a political subdivision of the state." *Id.* § 375.004(a). It is also "a unit of government for purposes of Chapter 101, Civil Practices and Remedies Code (Texas Tort Claims Act), and operations of a district are considered to be essential governmental functions and not proprietary functions for all purposes, including the application of the Texas Tort Claims Act." *Id.* § 375.004(b). A district is governed by a board of directors, *see id.* § 375.061, which may "employ all persons, firms, partnerships, or corporations considered necessary by the board for the conduct of the affairs of the district, . . . prescribe the duties, tenure, and compensation of each" and "dismiss employees." *Id.* § 375.096(a)(1)-(2).

The individual in question is employed as president of the district. *See* Request Letter, *supra* note 1, at 1. He handles the district's day-to-day business and makes routine expenditures under a budget and contracts approved by the board. *See id.* The board has set the qualifications for this position and determines the president's compensation. He participates in the district's employee benefits package. *See id.* at 1, 2. The board reviews his job performance and his employment is subject to termination by the board. *See id.* at 1.

---

[1]Letter from Honorable Joe Nixon, Chair, Committee on Civil Practices, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas (Aug. 24, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

You ask the following questions about this person's employment with the district:

1.    May the person employed and serving as president of a municipal management district operating under Chapter 375, Texas Local Government [Code] (the "District") simultaneously serve as a member of the Texas Legislature?

2.    If the answer is yes to question 1, may such person receive compensation for both positions?

3.    Alternatively, may a person working for the District as an independent contractor also serve as a member of the Texas Legislature and may he be compensated for both positions?

We will answer questions 1 and 2 together. Legislators are compensated pursuant to Texas Constitution article III, section 24 and you have informed us that the president of the district receives compensation for his work. The facts do not raise a question of serving without compensation. *See generally* TEX. CONST. art. XVI, § 40(b) (state employees or other individuals receiving all or part of compensation from state funds and who are not state officers may serve as members of local governmental bodies but may not receive a salary for such service).

Texas Constitution, article XVI, section 40, provides in part:

No member of the Legislature of this State may hold any other office or position of profit under this State, or the United States, except as a notary public if qualified by law.

TEX. CONST. art. XVI, § 40(d).

A "position of profit" is "a salaried nontemporary employment." Tex. Att'y Gen. Op. Nos. JC-0430 (2001) at 1, H-1304 (1978) at 2. Based on the information you have provided, the president of the board holds a compensated nontemporary employment with the board. *See* Tex. Att'y Gen. Op. No. JC-0430 (2001) (assistant county attorney holds a position of profit under this state); Tex. Att'y Gen. LO-93-031 (teacher), LO-90-55 (municipal firefighter), LO-88-72 (employee of metropolitan rapid transit authority). *See also* Tex. Att'y Gen. Op. No. V-371 (1947) (service on jury does not constitute position of profit under this state).

The president holds his position of profit "under this State." It is well established that a local public officer holds an office "under this State." An elected city council member holds an "office or position of honor, trust, or profit, under this State." *See Boyett v. Calvert*, 467 S.W.2d 205, 208-09 (Tex. Civ. App.–Austin 1971, writ ref'd n.r.e.) (quoting former language of Texas Constitution article XVI, section 33). A member of a city council who receives compensation in addition to

expenses holds a "lucrative office under . . . this State" within Texas Constitution article III, section 19. *Willis v. Potts*, 377 S.W.2d 622, 623 (Tex. 1964). *See also* Tex. Att'y Gen. Op. No. GA-0057 (2003) at 2 (city council member holds an office or position of trust under this state). Similarly, an employee of a political subdivision holds a "position of profit under this State." *See* Tex. Att'y Gen. Op. No. JC-0430 (2001) (assistant county attorney holds a position of profit under this state); Tex. Att'y Gen. LO-93-031 (teacher), LO-90-55 (municipal firefighter), LO-88-73 (employee of metropolitan rapid transit authority); Tex. Att'y Gen. LA-4 (1973) (teacher employed at a community college). *See also Wood v. Miller*, 242 S.W. 573, 575 (Ark. 1922) (civil office "under this state" means "under the laws of this state" or by virtue of authority conferred by state as sovereign).

Attorney General Letter Opinion 90-55 determined that a salaried municipal firefighter occupied a position of profit under this state, and that article XVI, section 40 barred him from simultaneously serving as a member of the legislature. *See* Tex. Att'y Gen. LO-90-55, at 2. Attorney General Letter Opinion 90-55A withdrew LO-90-55, stating that LO-90-55 did not fully consider the language "under this State." *See* Tex. Att'y Gen. LO-90-55A, at 1. Letter Opinion 90-55A then discussed *Begich v. Jefferson*, 441 P.2d 27 (Alaska 1968), a case interpreting the phrase "position of profit" in the Alaska constitution to mean "an appointive position on the state or federal levels of government." *Id.* Letter Opinion 90-55A overlooked the Texas authorities reading the phrase "under this State" as including local officers and employees. *See Willis*, 377 S.W.2d at 625; *Boyett*, 467 S.W.2d at 208-09. Although Letter Opinion 90-55A reaches no conclusion about the meaning of "under this State" it suggests a conclusion that is inconsistent with Texas law. Attorney General Letter Opinion 90-55A is expressly overruled. Attorney General Letter Opinion 90-55 correctly states the law.

We conclude that the president of the district holds a position of profit under this state and accordingly, Texas Constitution article XVI, section 40(d) bars him from serving as a member of the legislature at the same time.

You also ask whether a person working for the district as an independent contractor may also serve as a member of the Texas Legislature and may be compensated for both positions. An independent contractor, "in the pursuit of an independent business, undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to their control in respect to all its details." *Pitchfork Land & Cattle Co. v. King*, 346 S.W.2d 598, 602-03 (Tex. 1961). The standard test for determining whether one is acting in the capacity of an independent contractor measures the amount of control that the employer exerts or has a right to exert over the details of the work. *Newspapers, Inc. v. Love*, 380 S.W.2d 582, 591 (Tex. 1964). In the case of an employee, the employer controls not merely the end sought to be accomplished, but also the means and details of its accomplishment. *Limestone Prod. Dist. v. McNamara*, 71 S.W.3d 308, 312 (Tex. 2002). A person who retains an independent contractor controls the end sought to be accomplished, while the independent contractor controls the means and details of accomplishing the work. *Id.* The right to control is measured by considering: "(1) the independent nature of the worker's business; (2) the worker's obligation to furnish necessary tools, supplies, and materials to perform the job; (3) the worker's right to control the progress of the work except about final results;

(4) the time for which the worker is employed; and (5) the method of payment, whether by unit of time or by the job." *Id. See* Tex. Att'y Gen. Op. No. GA-0292 (2005) at 3-4.

This office has issued several opinions concluding that an independent contractor for a governmental entity does not hold a "position of profit under this State." Attorney General Letter Opinion LO-93-31 determined that a compensated school district employee held a "position of profit under this state" within Texas Constitution article XVI, section 40 so that a legislator could not be a school district employee, but it also determined that this constitutional prohibition did not apply to an independent contractor. *See* Tex. Att'y Gen. LO-93-31. *See also* Tex. Att'y Gen. Op. No. GA-0127 (2003) at 2 n.3 (under facts presented, umpire at school district baseball games is an independent contractor); Tex. Att'y Gen. LO-95-022 (Texas Constitution article XVI, section 40 does not prohibit a legislator from working as an independent contractor for a county government).

The conclusion that an independent contractor does not hold a "position of profit under this State" is consistent with prior attorney general opinions addressing the former version of Texas Constitution article XVI, section 33, which prohibited the state from paying a salary to anyone who at the same time held "any other office or position of honor, trust, or profit under this State." *See* TEX. CONST. art. XVI, § 33 interp. commentary (Vernon 1993). Attorney General Opinion V-303 (1947), construing the former language of Texas Constitution article XVI, section 33, determined that an independent contractor for a school district did not hold an "office or position of honor, trust, or profit" under this State. Tex. Att'y Gen. Op. No. V-303 (1947) at 5-6. *See also* Tex. Att'y Gen. Op. No. V-1527 (1952) (independent contractor does not hold an "office or position of honor, trust or profit" under Texas Constitution article XVI, section 33).

We conclude that article XVI, section 40(d) of the Texas Constitution does not prohibit a member of the Texas Legislature from also working for compensation as an independent contractor for a municipal management district. The determination that a person actually works as an independent contractor and not as an employee involves questions of fact and contract interpretation, which cannot be resolved in the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0292 (2005) at 4; Tex. Att'y Gen. LO-95-022, LO-93-31.

## S U M M A R Y

Article XVI, section 40(d) of the Texas Constitution prohibits an employee of a municipal management district operating under Local Government chapter 375 from simultaneously serving as a member of the Texas Legislature. This constitutional provision does not prohibit an individual who works as an independent contractor for a municipal management district from simultaneously serving as a member of the legislature. Attorney General Letter Opinion 90-55A is overruled.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee