**The Honorable Sidney D. BROWN, Appellee,**

v.

**Dr. Bill LILLARD, et al., Appellants.**

**No. 74147.**

Supreme Court of Oklahoma.

July 9, 1991.

---

Robert H. Henry, Atty. Gen., Neal Leader, Asst. Atty. Gen., Oklahoma City, for appellants.

William R. Burkett, Mary Johnston Tidholm, Kindanne Carole Jones, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Oklahoma City, for appellee.

SUMMERS, Justice.

The issue is whether an Associate District Judge in Oklahoma may accept payment for employment as a part time professor at a state university. We conclude that our State Constitution forbids receipt of such payment, and that in doing so our Constitution does not run afoul of the U.S. Constitution's guaranty of equal protection under the law.

Associate District Judge for Oklahoma County Sidney Brown contracted with Central State University to teach, as a part-time, non-tenured adjunct professor, a course in juvenile law. Judge Brown was aware that under the Attorney General's interpretation of Article VII, Section 11(b), he could not accept payment for these teaching services. He did not accept compensation, but filed this action for declaratory judgment against the president of Central State University [1] and the Board of Regents of Oklahoma Colleges. He seeks a declaration that Section 11(b) does not prohibit him from being compensated for his services as a part-time professor at a state university.

The trial court granted Judge Brown's motion for summary judgment, holding that while the teaching position was one of profit, the state constitutional prohibition was violative of the Equal Protection Clause of the Fourteenth Amendment. The trial court pointed out that the provision treated state judges and justices differently than municipal judges. Finding that the spirit of the provision was to insure a separation of powers, the trial court held that distinctions between municipal judges and state judges and justices were not rationally based, and that it was equally important to maintain separation of powers with regard to municipal judges. The University appealed. We must reverse.

## I. POSITION OF PROFIT

Art. VII, Section 11(b) of the Oklahoma Constitution reads in pertinent part:

*No Justices or Judges, except those of Municipal Courts shall* engage in the practice of law nor *hold any* other office or *position of profit under* the United States or *this State* or any municipal corporation or political subdivision of this State, nor shall hold office in any political party.... (emphasis added)

The facts are that the contract in question called for a non-tenured lecturer for an evening class one semester long. The pay, had Judge Brown accepted it, would have

---

1. Central State University is now known as the University of Central Oklahoma. 70 O.S.Supp. 1990 § 3501.2.

been $480.00 per month. He argues that in light of what most attorneys earn per hour for their services this could hardly be characterized as a "position of profit." He offers no case law in support.

In *Begich v. Jefferson*, 441 P.2d 27 (Alaska 1968), the Alaska Supreme Court faced the similar question of whether a legislator was prohibited from holding a position as a teacher or superintendent in a state school. The Alaskan Constitutional provision in question prohibited Legislators from holding any other office or position of profit. Alaska Const. Art. II, § 5. The Court concluded that the framers' use of "position of profit" reflected an intent to adopt a term which was "broad in scope." *Id.* at 33. Concluding that employment as a superintendent or a teacher was a "position of profit," the court held that the holding of both a legislative position and teaching position in a state school was prohibited by the state constitution.

In *Wimberly v. Deacon*, 195 Okl. 561, 144 P.2d 447 (1944), we addressed the question of whether an individual could be an active member of the military as well as hold an office on the Board of Regents. Following the literal meaning of the words "office of trust or profit" found in Art. II, Section 12, we reasoned that both positions fell under the language. Hence, one person could not hold both positions concurrently.[2]

In 1982 Op.Att'y.Gen. 235 (1982) (A.G.Op. 82–111), the Attorney General addressed the exact question herein presented. Relying on *Begich* and *Wimberly*, the opinion concluded that Art. VII, Section 11(b) prohibited state judges and justices from "accepting employment as part-time instructors in a State institution of higher education and accepting compensation for such employment."

We continue to follow our reasoning in *Wimberly*, and hold that the plain language of Section 11(b) prohibits a state judge or justice from holding a compensat-ed teaching position, part-time or full-time, at a state institution. To hold otherwise would require this Court "to indulge in speculation and to hunt for some hidden meaning not disclosed by the language used." *Wimberly*, 144 P.2d at 453. We decline to act in such a manner, as "it might result in an amendment of the constitution by judicial decree." *Id.*

## II. EQUAL PROTECTION

■ Judge Brown next urges that even if holding a part-time paid teaching position appears to contravene the State Constitution, the Fourteenth Amendment to the U.S. Constitution requires equal protection under the law and must control. He points out the different treatment given by the State Constitution to municipal judges as contrasted to state judges and justices.

Judge Brown asserts that the judges, whether municipal or state, perform similar functions, and that the goals for the judiciary, whether at a state level or a municipal level, are the same. Thus, he urges that the distinctions specified in Section 11(b) are not rationally based.

The University urges that Article VII, Section 11(b) is not violative of the Federal Constitution because the Fourteenth Amendment allows for disparate treatment of those groups not similarly situated. Because of the vast differences between municipal judges and state judges and justices, the University asserts that the unequal treatment is permissible.

■ The Equal Protection Clause of the Fourteenth Amendment protects the civil and political rights of individuals so that these rights may be enjoyed equally by all without discrimination by the state. *See Clegg v. Okla. State Election Bd.*, 637 P.2d 103, 105 (Okla.1981); *Kirk v. Bd. of County Comm'rs*, 595 P.2d 1334, 1336 (Okla. 1979). As stated in *Yick Wo v. Hopkins*, 118 U.S. 356, 369, 6 S.Ct. 1064, 1070, 30 L.Ed. 220 (1942), the Equal Protection

---

**2.** The constitutional provision for judicial officers, unlike that in *Wimberly*, contains a proviso in Section 11(b) that compensation for "service in the National Guard or the armed forces of the United States for such periods of time as may be determined by rules of the Supreme Court shall not be deemed 'profit.'"

Clause is a pledge and a guarantee of the protection of equal laws. However, the clause does not require "things which are different in fact or opinion to be treated in law as though they were the same." *Kirk*, 595 P.2d at 1336. Exact equality is not a requirement under the Equal Protection Clause. *Id.* But it does require that any classification be based on real and not feigned differences. *T.I.M. v. Okla. Land Titles Ass'n*, 698 P.2d 915, 920 (Okla.1985). The distinction between the classifications cannot be arbitrary but must "have some relevance to the purpose for which the classification is made." *Id.* at 920; *Kirk*, 595 P.2d at 1337.

■ The parties both agree that the proper standard is that of rational basis. Under this test, a classification is constitutional if there is a legitimate state purpose which is furthered by the classification. *Clegg*, 637 P.2d at 105; *Okla. Educ. Ass'n v. Alcoholic Beverage Laws Enforcement Comm'n*, 889 F.2d 929, 932 (10th Cir.1989). Unlike strict scrutiny review which is applicable in those situations involving a fundamental right or a "suspect" class, the rational basis test is a relaxed judicial standard in which the questioned law will be upheld if rationally related to a legitimate state objective. *Okla. Educ. Ass'n*, 889 F.2d at 932.

Here, two classifications are called into question: (1) municipal judges and (2) state judges and justices.[3] The University urges that the many differences in function of these judges justify the distinction under Art. VII, Section 11(b). Brown, on the other hand, acknowledges these distinctions but urges that they are not rationally related to the goals of Section 11(b).

We first must identify the goals of Section 11(b). The foremost ideal of the article is to insure the integrity of the judiciary. By permitting state judges to hold only one state office or position, the judiciary maintains the separation needed to render unbiased decisions. *See Begich*, 441 P.2d at 31. As with Article II, Section 12, which provides that no person holding office under the laws of the United States shall be permitted to hold any other "office of trust or profit" under the laws of the State of Oklahoma, another goal of Section 11(b) is the protection of the public interest:

> No doubt the purpose of such provision is to protect the public interest so that an officer holding an office of profit or trust under the state laws may give his undivided attention to the duties of his office without being hampered by an official allegiance to any other state or the United States. *Wimberly v. Deacon*, 144 P.2d 447, 452 (Okla.1944).

We believe yet another goal is to avoid the centralization of power in any one governmental entity or individual. The provision also operates to avoid the possible conflicts of interest which could arise out of state employment where the same person is employed by more than one branch of government.

As for the distinctions between municipal judges and state judges and justices, they are vast. For one, the judges serve different masters. The State's desire to dictate conditions of employment of its own judges, while leaving municipal governments free to decide such matters for themselves furthers local municipal autonomy, which is only appropriate, given the differing circumstances of municipalities. Further, the jurisdiction of the municipal judge is limited to actions arising out of violation of a municipal ordinance. *See* 11 O.S.1981 § 27–103. The jurisdiction of the state district judge is virtually unlimited as to all justiciable matters. Okla. Const. Art. 7 § 7. Many municipal judges, in fact most of them outside of large metropolitan cities, are hired on a part-time basis. Such municipal judges are generally permitted to practice law during their tenure in office. *See* 11 O.S.Supp.1984 § 27–104(A). A state judge or justice, however, may not engage in the practice of law during the period in which he or she serves on the bench. Okla. Const. Art. 7 § 11(b). Under certain circumstances a municipal judge is not even

---

**3.** Section 11(b) also distinguishes between judges which serve on special courts. We do not address these classifications as they are not at issue here.

required to have had any legal training. *See* 11 O.S.Supp.1984 § 27–104(B) and (C).

Brown acknowledges these distinctions but urges that they are not rationally related to the goals of Section 11(b). We disagree. As we have pointed out, one purpose behind the section is to avoid conflicts of interest which could arise by being employed in two separate functions by the state. Such a conflict would not be as likely in the case of a municipal judge, particularly where he or she is employed part-time, and the municipality is fully aware the judge will also be answering to another employer. The goal of avoiding centralization of state power is also served by limiting a state judge to only one role—that of a judge. Otherwise, a state judge could also serve in some different branch of government. The goal of insuring that the state judge give "undivided attention" to the office is furthered because he or she is unhampered by any allegiance to any other state office. *See Wimberly*, 144 P.2d at 452.

Brown focuses on the goal of maintaining the integrity of the judiciary, and urges that this goal is no less important at the municipal level. While we agree that integrity of the judiciary is an important goal both at the state and municipal level, we see little likelihood that judicial integrity is compromised by allowing a municipal judge to also hold employment in the state government. Enforcement of city ordinances in municipal court does not seem a likely arena for confrontation with competing interests enacted for the benefit of the state at large. The possibility of conflict of interest is much more likely if a state judge is permitted to hold two roles in state government, because of the broad jurisdiction of the state courts and the constitutionally required separation of powers.

In *Ohio Municipal Judges Ass'n v. Davis*, 57 F.R.D. 64 (N.D.Ohio 1972), *aff'd*, 411 U.S. 144, 93 S.Ct. 1245, 36 L.Ed.2d 113 (1973), a similar argument was raised by the Ohio Municipal Judges Association regarding a pay increase. The association urged that a constitutional amendment which permitted state judges to have a salary increase was an unconstitutional infringement of the Equal Protection Clause because of its different treatment of municipal judges and state judges. The federal district court held that the relief requested was beyond the authority of the court. The Supreme Court, in a *per curiam* order, disagreed and held that the constitutional argument was without merit.

Although no reasoning was given for this final ruling, we believe it tacitly supports the University's assertion that Section 11(b) distinctions serve vital purposes in state government. Under the Equal Protection Clause of the Fourteenth Amendment, the separate classifications are permissible because they are rationally related to state goals. The distinction between state judges and justices and municipal judges is rationally related to the purpose for the classification. See *T.I.M., supra*. We find that Article VII, Section 11(b) does not offend the Equal Protection Clause.

## CONCLUSION

We hold that under the Oklahoma Constitution, Art. VII, Section 11(b) a paid position as part-time teacher at a state university falls within the term "position of profit," and is prohibited as to a state judge. We further conclude that the state constitutional provision in question survives attack under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. The declaratory judgment rendered by the District Court is reversed and the case remanded with instructions to enter an Order consistent herewith.

HODGES, V.C.J., and LAVENDER, SIMMS, DOOLIN, HARGRAVE, ALMA WILSON and KAUGER, JJ., concur.

OPALA, C.J., disqualified.