Dear Chief Justice Hodges,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following questions:
1. Is a retired judge or justice, who is drawing judicialretirement pay under the provisions of 20 O.S. 1101 (1991),et seq., eligible for appointment as a member of the OklahomaPardon and Parole Board?
2. Do the provisions of 20 O.S. 1102 (1992) require thatretired judges or justices have their retirement compensationsuspended during their tenure on the Oklahoma Pardon and ParoleBoard?
3. May a retired judge or justice simultaneously be assigned topost-retirement judicial service under Article VII, 11(c) of theOklahoma Constitution, and be a member of the Oklahoma Pardon andParole Board?
 INTRODUCTION
¶ 1 Your questions implicate two possible legal impediments, one created by statute, the other in the Oklahoma Constitution. The constitutional impediment, set forth at Article 7, Section 11 of the State Constitution, prohibits state justices and judges from holding any other office or position of profit. The statutory prohibition contained in Title 51 O.S. 6 (1992), prohibits dual office holding. In addressing the questions implicated by your inquiries, we will first examine these legally imposed impediments as they apply to retired judges or justices who are not assigned to post-retirement judicial service.
 I. A Retired State Judge Or Justice Does Not, By Virtue Of An Appointment To The State Pardon And Parole Board, Violate The Constitutional Prohibition Against Holding Other Offices Or Positions Of Profit, Nor Run Afoul Of Oklahoma's Statutory Dual Office Holding Prohibitions.
¶ 2 The Constitutionally imposed prohibition on judges and justices holding other positions or offices of profit is provided for in Article 7, Section 11(b) which, in pertinent part, reads:
 No Justices or Judges, except those of Municipal Courts, shall engage in the practice of law nor hold any other office or position of profit under the United States or this State or any municipal corporation or political subdivision of this State,
nor shall hold office in any political party. . . . [Emphasis added.]
¶ 3 As the Oklahoma Supreme Court recognized in Brown v.Lillard, 814 P.2d 1040, 1043 (Okla 1991), the prohibitions of Section 11(b) serve several goals: 1) insuring "the integrity of the judiciary;" 2) maintaining "the separation needed to render unbiased decisions;" 3) protecting "the public interest" by requiring that a judge or justice give his "undivided attention to the duties of his office without being hampered by an official allegiance to any other state or to the United States;" 4) avoiding "the centralization of power in any one governmental entity or individual," and, 5) avoiding "the possible conflicts of interest which could arise out of state employment where the same person is employed by more than one branch of government."Id.
¶ 4 The Oklahoma Pardon and Parole Board, created in the Oklahoma Constitution at Article 6, Section 10 — an executive branch board — is composed of five members; three appointed by the Governor, one by the Chief Justice of the Supreme Court, and one by the Presiding Judge of the Court of Criminal Appeals. A position on that Board is clearly an office. In Oklahoma City v.Century Indemnity Co., 62 P.2d 94, 97 (Okla. 1936), the Oklahoma Supreme Court recognized that a position which meets three criteria is a public office:
 (a) "The specific position must be created or authorized by law;"
 (b) "There must be certain definite duties imposed by law on the incumbent;" and
 (c) The duties "must involve the exercise of some portion of the sovereign power."
¶ 5 Membership on the Pardon and Parole Board meets all three of these criteria. First, the Board position is created by law — created by Article 6, Section 10. Second, definite duties are imposed upon members of the Board by law, as under Article 6, Section 10 of the Oklahoma Constitution, the Board is given the duty of making "an impartial investigation and study of applicants for commutations, pardons or paroles, and by a majority vote make its recommendation to the Governor of all deemed worthy of clemency." Finally, these duties clearly involve the exercise of a portion of the sovereign power, as the Board's study and recommendations to the Governor are a necessary part of the pardon and parole process; indeed the Governor is only empowered to grant pardons, paroles and commutations upon a favorable recommendation by a majority of the Board. Id.
¶ 6 Membership on the Pardon and Parole Board, in addition to being an office, is an office of profit, as members of the Board are annually paid $7,200.00 for their services. 57 O.S. 332.4
(1992); also see Brown v. Lillard, 814 P.2d 1040 (Okla. 1991) (where the Oklahoma Supreme Court held that the receipt of $480.00 per month by a contract, non-tenured lecturer at a State university was a "position of profit"). Because a position on the Pardon and Parole Board is an office of profit, it comes within the prohibition of Article 7, Section 11(b) of the Oklahoma Constitution.
¶ 7 We next determine whether the prohibition of that constitutional provision applies to judges and justices who are retired and who are not on a post-retirement assignment to judicial service.
¶ 8 In providing for the establishment of the uniform retirement system for judges and justices, 20 O.S. 1102 (1992) sets forth the conditions under which a judge or justice can retire. The statute provides in pertinent part that upon approval by the Governor of a decision of any judge or justice to retire under the Act, "the office held by such Justice or Judge shallbecome vacated. . . ." (Emphasis added.) Thus we see that when justices or judges retire, they no longer hold judicial office. Because retired jurists no longer hold office, the prohibitions which attach to the office, including the prohibitions of Article 7, Section 11(b), no longer apply to them, as long as they are retired and no longer are justices or judges. The prohibitions of Article 7, Section 11(b), accordingly do not prohibit a retired judge or justice from being appointed a member of the Oklahoma Pardon and Parole Board.
¶ 9 Similarly, the dual office holding prohibitions of Title51 O.S. 6 (1992), do not prohibit a retired judge or justice from being appointed to the Oklahoma Pardon and Parole Board. Under the provisions of 51 O.S. 6 (1992), persons "holding an office under the laws of the state" and a "deputy of any officer so holding any office" are prohibited from holding any other office or from being the deputy of any other office holder under the laws of the State, unless the office holder falls into one of several exceptions, or unless otherwise provided by law. In analyzing a dual office holding question, the first step in the analysis is to determine whether the positions involved are both "offices." As noted above, to constitute an office, a position must meet three criteria. First, the position must be created by law. Second, the law must impose upon the position certain definite duties, and third, those duties must involve the exercise of some portions of sovereign power. Oklahoma City v.Century Indemnity Co., 62 P.2d 94, 97 (Okla. 1936). As discussed above, a position on the Pardon and Parole Board is undoubtedly an office. Retired judges or justices, however, do not hold an office because, under the law, they have vacated their former offices. Thus, the dual office holding prohibitions do not apply to retired judges or justices.
¶ 10 For the reasons set forth above, we conclude that retired judges or justices are not prohibited from being eligible for appointment to the Oklahoma Pardon and Parole Board by either the dual office holding prohibitions of 51 O.S. 6 (1992), or by the prohibitions against holding other offices or positions of profit contained in Article 7, Section 11(b) of the Oklahoma Constitution.
 II. Retired Judges Or Justices, Eligible For Appointment To The Oklahoma Pardon And Parole Board, Upon Appointment, Must Have Their Retirement Compensation Suspended During The Period Of Time They Hold The Position On The Board.
¶ 11 The final sentence of 20 O.S. 1102 (1992), requires that retired jurists who are appointed to any political or judicial office are to have their retirement compensation suspended while they hold the office:
 Provided, however, if any retired Justice or judge should be elected or appointed to any political or judicial office, his retirement compensation shall be suspended during the period of time that he holds such office and be reinstated upon his leaving such office.
(Emphasis added.)
¶ 12 There are two statutory exceptions to this suspension requirement. The provisions of 20 O.S. 1102.1 (1991) limit the suspension requirement to post-retirement appointment to an office whose compensation "is paid from fees, levies or taxes imposed by the State of Oklahoma or any political subdivision thereof" Accordingly, the appointment to a political or judicial office in the federal system, or in another system where the compensation does not come from the State or one of its political subdivisions, does not trigger the retirement compensation suspension provision of Section 1102.
¶ 13 Additionally, under the provisions of 20 O.S. 1107
(1991), post-retirement assignment to judicial duties by the State Supreme Court does not trigger suspension of retirement pay, as assignment to such duties, under the statute, "shall not constitute the creation of a public office. . . ." Neither of these exceptions apply to appointment to the Pardon and Parole Board; thus, we must determine whether a position on the Pardon and Parole Board is either a "political office" or "judicial office" as those terms are used in Section 1102. If a position on the Pardon and Parole Board constitutes either a "political" or "judicial" office, retired judges or justices appointed to the Board must have their retirement compensation suspended during tenure on the Board.
¶ 14 It is clear that appointment to the Pardon and Parole Board is not a judicial office. The position is in the executive branch of government. See Okla. Const. Art. 6, 10. More importantly, the Board members perform an executive function — advising the Governor in the performance of his pardon and parole executive functions. Id.
¶ 15 A determination of whether membership on the Pardon and Parole Board is a apolitical office" as that term is used in 20O.S. 1102 (1992), requires a more detailed analysis.
¶ 16 In the absence of a contrary definition of common words used in a statute, we assume that the lawmaking authority intended for them to have the meaning as that attributed to them in an ordinary and usual parlance. Riffe Petroleum Co. v. GreatNat. Corp., Inc., 614 P.2d 576, 579 (Okla. 1980). As the Supreme Court of New Mexico observed in State, ex rel. Gonzales v.Manzagol, 531 P.2d 1203, 1204 (N.M. 1975), whether an office is a "political office" depends entirely upon what is meant by apolitical" within the contemplation of the statute. Webster'sThird International Dictionary, unabridged (1961), at 1755, defines "political" as:
 [a:] of or relating to government, a government, or the conduct of governmental affairs
 b: of or relating to matters of government as distinguished from matters of law . . .
 c: engaged in civil as distinguished from military function . . .
 d: of, relating to, or concerned with the making as distinguished from the administration of governmental policy."
 ¶ 17 Black's Law Dictionary (4th Ed. 1968), discusses "political office" at page 1235:
 Civil officers are usually divided into three classes, — political, judicial, and ministerial. Political offices are such as are not immediately connected with the administration of justice, or with the execution of the mandates of a superior, such as the president or the head of a department.
¶ 18 Under these meanings of "political office" a position on the Oklahoma Pardon and Parole Board would be a "political office." The position is not one immediately connected to the administration of justice; it deals with government affairs — as distinguished from legal matters and military functions — and members of the board do not answer to the mandate of a superior.Accord, State, ex rel. Gonzales, 531 P.2d at 1204-05 (holding that membership on the governing body of the City of Santa Fe was a "political office" as used in a New Mexico statute which prohibited state employees from holding "political office.")
¶ 19 As a position on the Oklahoma Pardon and Parole Board is a "political office," as that term is used in 20 O.S. 1102
(1992), we conclude that any retired judge or justice appointed to the Oklahoma Pardon and Parole Board would, under the dictates of that statute, have his retirement compensation suspended during his tenure on the Board.[1]
 III. A Retired Judge Or Justice's Simultaneous Service On The Pardon And Parole Board And In Post-Retirement Judicial Service Violates Article 7, Section 11(b)'s Prohibition Against A Judge Or Justice Holding A Second Position Of Profit.
¶ 20 Under the authority of Article 7, Section 11(c) of the Oklahoma Constitution, a any retired Justice or Judge may, in the discretion of the Supreme Court, be assigned to Judicial service." The provisions of 20 O.S. 1107 (1991), which establish the procedure to be used in appointing retired justices or judges to post-retirement judicial service, require that such appointments be made "upon written application [from the retired justice or judge] to the Court Administrator. . . ." The statute also provides that such application for assignment and the actual assignment to judicial duty "shall not constitute the creation of a public office under the provisions of this Act."
¶ 21 Your third question is whether a retired justice or judge may simultaneously be a member of the Pardon and Parole Board and be assigned to post-retirement judicial service. We first conclude that a retired justice or judge assigned to post-retirement judicial duty does not hold a public office because the statute providing for the assignment to post-retirement judicial service indicates that such assignments are not considered a public office. Also, such assignments do not meet the three prong test which a position must meet to constitute a public office. Although the statute provides for an assignment, it does not establish the particular duties which a retired judge assigned to post-retirement judicial service is to perform. That service could be as a referee, a mediator, a hearing examiner or as a trial judge. As duties to be performed by a retired judge or justice assigned to post-retirement judicial service are not provided by law, the appointment of a judge or justice to post-retirement service does not constitute a public office. Accordingly, neither the dual office holding prohibitions nor the prohibition of Article 7, Section 11(b), prohibiting a judge or justice from holding another office ofprofit, apply.
¶ 22 We conclude, however, that the prohibition of Article 7, Section 11(b), which prohibits judges or justices from holding other positions of profit is applicable to retired judges or justices who are assigned to post-retirement judicial duties. No matter what the specific judicial duties to which retired justices or judges are assigned, the person assigned will be functioning in a judicial position. The goals and reasons for the prohibitions of Article 7, Section 11(b) are thus equally applicable to assigned retired judges or justices as they are to non-retired judges or justices. Those goals, as noted above, include protection of the integrity of the judiciary; maintenance of the separateness needed to render unbiased decisions; insurance of undivided attention to duties assigned; avoidance of the centralization of power in any one governmental individual; and avoidance of possible conflicts of interest.
¶ 23 In examining the prohibitions of Article 7, Section 11(b), we conclude that the drafters of those provisions meant for them to apply to individuals functioning as judges or justices, whether on a full-time basis or on a part-time, assignment basis. The prohibition is expressed in broad language: "No Justices or Judges, except those of Municipal Courts. . . ." Id. The provision makes no distinction between those serving full time in a judicial position and those serving by virtue of a post-retirement part-time assignment, yet the very next provision of Section 11(b) permits post-retirement assignment to judicial service. Because of this, because no distinction is made between full time and part-time assignment judges in the prohibition, and because the goals and purposes of the constitutional restriction apply equally to both post-retirement assignees and fulltime judicial officers, we conclude that the prohibitions of Article7, Section 11(b) of the Oklahoma Constitution apply to retired judges who, after retirement, are assigned to perform judicial functions under the authority of Article 7, Section 11(c) and 20O.S. 1107 (1991).
¶ 24 As the prohibitions apply, retired judges performing judicial duties under a post-retirement assignment may not simultaneously serve on the Oklahoma Pardon and Parole Board.
¶ 25 It is, therefore, the official opinion of the AttorneyGeneral that:
1. Retired judges or justices who are retired pursuant to theprovisions of 20 O.S. 1101 (1991) et seq., are eligible to beappointed to the Oklahoma Pardon and Parole Board.
2. Retired judges or justices appointed to the Oklahoma Pardonand Parole Board must, however, under the provisions of 20 O.S.1102 (1992), have their retirement compensation suspendedduring the period of time they hold a position on the Board.
3. Retired judges or justices who, under the authority ofArticle 7, 11(c) of the Oklahoma Constitution are assigned topost-retirement judicial service, may not simultaneously serve asmembers on the Oklahoma Pardon and Parole Board.
SUSAN BRIMER LOVING ATTORNEY GENERAL OF OKLAHOMA
NEAL LEADER SENIOR ASSISTANT ATTORNEY GENERAL
[1] Consistent with State, ex rel., York v. Turpen,681 P.2d 763 (Okla. 1984), we express no opinion on the constitutionality of 20 O.S.Supp. 1992, § 1102[20-1102].