2013 OK 15

**In the Matter of the REINSTATEMENT OF Sandra Elizabeth WARNER, to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.**

**SCBD No. 5912.**

Supreme Court of Oklahoma.

March 11, 2013.

Order of Reinstatement April 4, 2013.

## ORDER

¶ 1 Petitioner Sandra Elizabeth Warner has presented this Court with a Petition for Reinstatement to membership in the Oklahoma Bar Association (OBA) pursuant to Rule 11, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App.1–A (RGDP), as amended. The OBA, through its Office of General Counsel, investigated the matter and recommended that the petition be granted. A trial panel of the Professional Responsibility Tribunal (PRT) held a hearing on the petition on November 7, 2012, and filed a report with this Court on November 30, 2012, finding that Petitioner meets the requirements set forth in Rule 11.5 for reinstatement. The PRT report recommended the petition be granted and that Petitioner be reinstated to OBA membership. Thereafter, on December 10, 2012, the OBA and Petitioner filed a Joint Waiver of Briefs requesting that we accept the PRT's recommendation to reinstate Petitioner.

¶ 2 Upon consideration of the record, we find the following matters pertinent to reinstatement have been established by clear and convincing evidence:

1. Petitioner graduated from the University of Tulsa College of Law. She successfully completed the Oklahoma Bar Examination and was admitted to OBA membership and licensed to practice law in Oklahoma on September 25, 1997.

2. Petitioner left the State of Oklahoma in September 1997, and thereafter she resided in the State of Rhode Island from September 1997 until September 2000, during which time she worked in private yachting service. In March 2001, Petitioner moved to Miami, Florida, continuing her employment in private yachting service. In October 2002, Petitioner moved to Plantation, Florida, where she worked in the food and beverage business. In February 2005, she became branch administrator for UBS Financial Services in Fort Lauderdale until April 2010, when she moved to Newport, Rhode Island. In June 2012, she was employed as a marketing and sales assistant for BNY Mellon, and in January 2011, she became the U.S. office and HR manager for MOO, Inc., where she continues to be employed.

3. On September 18, 2000, Petitioner was stricken from the roll of attorneys of the OBA for non payment of dues. At the time, she was not subject of any disciplinary investigation or proceeding.

4. No objections were filed to the petition requesting reinstatement and no one appeared in opposition to reinstatement.

5. Petitioner possesses the good moral character entitling her to be admitted to the OBA.

6. Petitioner has not engaged in the unauthorized practice of law in Oklahoma or any other State since her suspension for non payment of dues. In the course of her non-legal work since 1997, Petitioner was aware she should not engage in the unauthorized practice of law and always consulted with licensed attorney's whenever she encountered a situation where legal advice or representation was needed.

7. Petitioner has kept abreast of developments in the law and possesses the competency and learning in the law required for admission to the practice of law in Oklahoma. More particularly, she passed the Rhode Island bar examination in July 2011, and in March 2012, she passed the Multistate Professional Responsibility examination. Prior to passing these examinations, Petitioner studied law utilizing online and traditional study resources. She also completed one hour of ethics MCLE. Petitioner has sufficiently demonstrated her competency, so that there is no need for her to take and pass the regular bar exam.

8. Petitioner has not filed a petition for reinstatement to the OBA during the one year period immediately preceding the instant petition's date.

9. The OBA has incurred $ 929.76 in reimbursable costs in this matter.

10. Petitioner's Petition for Reinstatement should be approved.

¶ 3 In that Petitioner has met her burden of proof to show, by clear and convincing evidence, each of the prerequisites to reinstatement found in Rule 11.5, RGPD, as discussed in *In Re Reinstatement of Swant*, 2003 OK 9, 65 P.3d 275, it is **ORDERED** that Sandra Elizabeth Warner be reinstated to membership in the Oklahoma Bar Association and that her name be reinstated to the Roll of Attorneys licensed to practice law in the State of Oklahoma.

¶ 4 It is also **ORDERED** that Petitioner shall pay to the OBA the costs of this proceeding in the amount of $929.76 and the current year membership dues in the amount of $275.00. Such payments are to be made within thirty (30) days from the date this Order is filed with the Clerk of this Court.

¶ 5 It is also **ORDERED** that reinstatement is conditioned upon Petitioner's payment to the OBA of the amount specified in ¶ 4 above; completion of the Annual Report of CLE compliance for 1999, or obtain a waiver thereof; payment of applicable late reporting fees; payment of dues and penalties for the years 1999 and 2000; and completion of twelve (12) hours of CLE, including one (1) hour of ethics for the calendar year in which reinstatement is granted, or obtain a waiver thereof.

¶ 6 ALL JUSTICES CONCUR.

¶ 7 Petitioner's compliance with the conditions for reinstatement to membership in the Oklahoma Bar Association is noted. Petitioner's reinstatement is fully effective by virtue of such compliance.