2013 OK 72

**Michael BOLLIN, Plaintiff/Appellee,**

v.

**Justin JONES ex rel. STATE OF OKLA-HOMA ex rel. OKLAHOMA DEPARTMENT OF CORRECTIONS, Defendant/Appellant.**

**No. 108,819.**

Supreme Court of Oklahoma.

Sept. 17, 2013.

James Alexander Drummond, Jim Drummond Law Firm, PLC, Norman, Oklahoma, for Plaintiff/Appellee.

Larry Foster, II, Oklahoma Department of Corrections, Cornelius Leader, John David Hadden and Steve Krise, Asst. Attys. Gen., Oklahoma City, Oklahoma, for Defendant/Appellant.

1. Title 57 O.S. Supp.1997, § 581(B) provides as follows:
   The Legislature finds that sex offenders who commit other predatory acts against children and persons who prey on others as a result of mental illness pose a high risk of re-offending after release from custody. The Legislature further finds that the privacy interest of persons adjudicated guilty of these crimes is less important than the state's interest in public safety. The Legislature additionally finds that

COMBS, J.

¶ 1 Plaintiff, Michael Bollin (hereinafter, "Bollin"), challenges the constitutionality of the Sex Offenders Registration Act (hereinafter, "SORA") 57 O.S., § 581 et seq., and enforcement thereof by the Defendant, Justin Jones ex rel. State of Oklahoma ex rel. Oklahoma Department of Corrections (hereinafter, "Department"). We find when Bollin entered Oklahoma in June 2004 the law did not require a person with a pre-SORA conviction in another jurisdiction to register. Bollin should be held to the law in effect at the time he entered Oklahoma and became subject to SORA. Therefore, Bollin is not required to register under SORA and the trial court's order should be affirmed.

## BACKGROUND

¶ 2 This matter was assigned to this office on February 6, 2013. SORA was enacted in 1989 to provide a system to register sex offenders. Title 57 O.S. Supp.1989, § 581 et seq. Legislative findings were added in 1997 which stated the purpose of SORA was to create a system of registration permitting law enforcement to identify sex offenders and alert the public of such sex offenders when necessary.[1] SORA has been amended by the Oklahoma legislature in almost every year since its creation.

¶ 3 Bollin was convicted of a sex offense[2] in Missouri on June 1, 1987, and received a five-year incarceration sentence. He moved to Oklahoma in June 2004. Five and one-half years later, on January 4, 2010, he was advised by the Department of his obligation to register as a sex offender under SORA. On March 3, 2010, Bollin filed a Petition for Injunction to enjoin the Department from enforcing SORA against him. Bollin denied he was subject to SORA's registration re-

a system of registration will permit law enforcement officials to identify and alert the public when necessary for protecting the public safety.

2. Exhibit B, a letter from the Oklahoma Department of Corrections dated February 3, 2010, attached to the Petition for Injunction states the sex offense was "Sodomy" without any further detail.

quirements because SORA was not in effect at the time of his 1987 conviction.[3] He also asserted Oklahomans convicted in Oklahoma prior to SORA are not required to register but persons convicted in another jurisdiction prior to SORA are required to register.

¶ 4 Both parties filed for summary judgment. Bollin argued the retroactive application of SORA by the Department violated the ban on ex post facto laws, the Privileges and Immunities Clause of the United States Constitution, the Due Process Clauses of the United States and Oklahoma Constitutions, and denied him equal protection of the law.

¶ 5 The trial court held Bollin was entitled to a permanent injunction prohibiting the Department from requiring him to register under SORA and granted further relief from all the provisions of SORA. The trial court concluded Bollin's constitutional right to equal protection of the laws had been violated because he was being treated differently than other similarly situated Oklahomans by reason of his conviction being from another state. The trial court determined there was no rational basis to discriminate between persons with qualifying convictions in Oklahoma and persons with qualifying convictions from another state. The Department appealed and the Oklahoma Court of Civil Appeals (hereinafter, "COCA"), Division IV, reversed and found that when Bollin became a resident of this state after 1999, SORA applied.[4] However, COCA was incorrect in referring to "[t]he 1999 and current versions of OSORA's § 582." The version relied upon by COCA in its opinion, found in footnote 4 of this opinion, did not fully come into effect until 2005 at a point·in time when Bollin was already residing in the state.[5] COCA remanded the matter to determine what specif-

ic amendments should apply stating that Bollin was subject to only the SORA provisions in effect at the time he became subject to them. On September 6, 2011, Bollin filed a Petition for Certiorari which we granted on November 14, 2011.

## STANDARD OF REVIEW

¶ 6 This case presents only questions of law, not fact, and we shall review such questions *de novo*. *In re Estate of Bell–Levine*, 2012 OK 112, ¶ 5, 293 P.3d 964, 966. An appeal on summary judgment comes to this Court as a de novo review. *Carmichael v. Beller,* 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. On appeal, this Court assumes "plenary independent and non-deferential authority to reexamine a trial court's legal rulings." *Kluver v. Weatherford Hospital Auth.*, 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084.

## ANALYSIS

¶ 7 The two primary provisions of SORA pertinent to this analysis are sections 582 and 583 of title 57 of the Oklahoma Statutes. Section 582 concerns the applicability of SORA and section 583 concerns SORA registration. SORA's purpose is to create a system of registration for sex offenders.[6] These two sections are intertwined and should not be read in isolation of each other.

¶ 8 When Bollin came to Oklahoma in June 2004 subsection A of section 582 provided:

A. The provisions of the Sex Offenders Registration Act, ..., shall apply to any person **residing, working or attending**

---

**3.** The Sex Offenders Registration Act took effect November 1, 1989. It was enacted by HB 1136, 1989 Okla. Sess. Laws c. 212.

**4.** The Court of Civil Appeals found:
"The 1999 and current versions of OSORA's § 582 state:
The provisions of the Sex Offenders Registration Act shall apply to any person *who after November 1, 1989, resides,* ... within the State of Oklahoma and who has been convicted or received a suspended sentence at any time in any court of another state, ... for a [defined sex] crime.... (Emphasis added)

57 O.S.2001 and Supp.2010, § 582(B)."

**5.** The quoted language of COCA's opinion, found in footnote 4 of this opinion, indicates the 1999 version of § 582 applied to a person who was "convicted or received a suspended sentence **at any time.**" (Emphasis added). However, the "at any time" language was not added to § 582 until 2005. 2005 Okla. Sess. Laws c. 123, § 1 (eff. Nov. 1, 2005).

**6.** Title 57 O.S.2011, § 581(B).

school within the State of Oklahoma who, after November 1, 1989, has been convicted, whether upon a verdict or plea of guilty or upon a plea of nolo contendere, or received a suspended sentence or any probationary term for a crime or an attempt to commit a crime provided for in Section . . . of the Oklahoma Statutes. . . .

Title 57 O.S. Supp.2003, § 582 (emphasis added).

This subsection provided SORA is applicable to persons who have been convicted, received a suspended sentence or any probationary term, pursuant to one of the listed Oklahoma Statutes, after November 1, 1989, and who reside, work or attend school within Oklahoma.

¶ 9 Subsection B of section 582 in effect in June 2004 provided SORA is applicable to persons who reside, work or attend school in Oklahoma after November 1, 1989, and who were convicted or received a suspended sentence of an applicable crime in another jurisdiction. It read as follows:

B. The provisions of the Sex Offenders Registration Act shall apply to any person who after November 1, 1989, resides, works or attends school within the State of Oklahoma and who has been convicted or received a suspended sentence in any court of another state, a federal court, an Indian tribal court or a military court for a crime or attempted crime which, if committed or attempted in this state, would be a crime or an attempt to commit a crime provided for in any of said laws listed in subsection A of this section.

Title 57 O.S. Supp.2003, § 582 (emphasis added).

However, in effect at the same time, section 583 only required actual registration for those persons convicted in another jurisdiction if the conviction occurred on or after November 1, 1989. It provided as follows:

B. Any person who has been convicted of an offense or received a deferred judgment for an offense on or after November 1, 1989, in another jurisdiction, which offense if committed or attempted in this state, would have been punishable as one or more of the offenses listed in Section

582 of this title and who enters this state shall be registered as follows: . . . .

2004 Okla. Sess. Laws c. 162, § 1 (emerg. April 26, 2004) (emphasis added).

Subsection A of section 583 also provided, "[a]ny person who becomes subject to the provisions of the Sex Offenders Registration Act on or after November 1, 1989, shall be registered as follows: . . . ." 2004 Okla. Sess. Laws c. 162, § 1 (emerg. April 26, 2004). It appears, however, this subsection is intended to be read in conjunction with subsection A of section 582, which only applies to persons convicted, etc., in Oklahoma after November 1, 1989. This is so because subsection B of section 583 specifically applies to persons convicted in another jurisdiction. Therefore, subsection A of section 583 only provides the registration requirements for persons convicted, etc., in Oklahoma.

¶ 10 Statutes that address the same subject matter are generally to be construed in a manner that imparts intelligent effect to each and reconciles any differing provisions. *Mustain v. Grand River Dam Authority*, 2003 OK 43, ¶ 23, 68 P.3d 991, 999. The versions of sections 582 and 583 in effect in June 2004 can be read together in harmony and without conflict. Subsections A of sections 582 and 583, read together, indicate a person convicted, etc., in Oklahoma of an applicable offense after November 1, 1989, and who resides, works, or attends school in Oklahoma, shall register under SORA. Subsections B of sections 582 and 583 in effect in June 2004, read together, indicate the registration provisions of SORA are applicable to a person who resides, works or attends school in Oklahoma after November 1, 1989, and who has been convicted, etc., of an applicable offense, on or after November 1, 1989, in another jurisdiction. When Bollin came to Oklahoma in June 2004 he was not required to register because his conviction in another jurisdiction occurred prior to November 1, 1989. The law essentially treated him in the same manner as a person who was convicted in Oklahoma prior to November 1, 1989. Therefore, there was no inequality in treatment; neither was required to register at that time.

¶ 11 On January 4, 2010, however, the Department informed Bollin he must register under SORA. This was five and one-half years after Bollin entered Oklahoma. The law had been amended several times since Bollin entered Oklahoma in June 2004. Although section 582 was amended twice in 2009 causing duplicate sections, the language in both versions,[7] effective at the time Bollin was informed of his alleged obligation to register, read in pertinent part as follows:

A. The provisions of the Sex Offenders Registration Act, ..., shall apply to any person residing, working or attending school within the State of Oklahoma who, after November 1, 1989, has been convicted, whether upon a verdict or plea of guilty or upon a plea of nolo contendere, or received a suspended sentence or any probationary term, **or is currently serving a sentence or any form of probation or parole**[8] for a crime or an attempt to commit a crime provided for in Section ... of the Oklahoma Statutes.

B. The provisions of the Sex Offenders Registration Act shall apply to any person who after November 1, 1989, resides, works or attends school within the State of Oklahoma and who has been convicted or received a suspended sentence **at any time**[9] in any court of another state, ... a federal court, an Indian tribal court or, a military court, ... for a crime ... which, if committed or attempted in this state, would be a crime ... provided for in any of said laws listed in subsection A of this section. (Emphasis added).

The pertinent parts of section 583 at this time read as follows:

A. Any person who becomes subject to the provisions of the Sex Offenders Registration Act on or after November 1, 1989, shall register, **in person,**[10] as follows:....

B. Any person who has been convicted of an offense or received a deferred judgment for an offense in another jurisdiction, which offense if committed or attempted in this state, would have been punishable as one or more of the offenses listed in Section 582 of this title and who enters this state **on or after November 1, 1989,**[11] shall register, **in person,**[12] as follows:....

Title 57 O.S. Supp.2009, § 583 (emphasis added).

¶ 12 The first significant amendment after Bollin entered Oklahoma was made in 2005 and it added "at any time" (underlined) in subsection B of section 582. It read as follows:

B. The provisions of the Sex Offenders Registration Act shall apply to any person who after November 1, 1989, resides, works or attends school within the State of Oklahoma and who has been convicted or received a suspended sentence *at any time* in any court of another state, a federal court, an Indian tribal court or a military court for a crime or attempted crime which, if committed or attempted in this state, would be a crime or an attempt to commit a crime provided for in any of said laws listed in subsection A of this section.

2005 Okla. Sess. Laws c. 123, § 1 (eff. Nov. 1, 2005) (emphasis added).

¶ 13 The second significant amendment after Bollin entered Oklahoma was in 2006 when the language "on or after November 1, 1989" in section 583(B) which referenced date of conviction (stricken through) was moved so that it refers to the date of entrance into this state (underlined). It read as follows:

B. Any person who has been convicted of an offense or received a deferred judgment for an offense ~~on or after November 1, 1989~~ in another jurisdiction, which offense if committed or attempted in this state,

---

7. Title 57 O.S. Supp.2008, § 582 was amended in both HB 2029, 2009 Okla. Sess. Laws c. 234, § 147 (emerg. May 21, 2009) and HB 1509, 2009 Okla. Sess. Laws c. 404, § 2 (eff. Nov. 1, 2009).

8. This language indicated in bold was added in 2005 in HB 1450, 2005 Okla. Sess. Laws c. 123, § 1 (eff. Nov. 1, 2005).

9. *Id.*

10. The "in person" registration was added in HB 1760, 2007 Okla. Sess. Laws c. 261, § 27 (eff. Nov. 1, 2007).

11. Amended in 2006 Okla. Sess. Laws c. 294, § 12 (eff. July 1, 2006).

12. *See* n. 9.

would have been punishable as one or more of the offenses listed in Section 582 of this title and who enters this state *on or after November 1, 1989,* shall be registered as follows: . . . .

2006 Okla. Sess. Laws c. 294, § 12 (eff. July 1, 2006) (emphasis added).

¶ 14 The law in January 2010 included these amendments. They are also part of the current. versions of sections 582 and 583.[13] Their effect is to treat a person with a conviction in another jurisdiction differently than a person with a conviction in Oklahoma. As mentioned, **prior** to these amendments, a person convicted in another jurisdiction before November 1, 1989, did not have to register. **After these amendments,** a person convicted in another jurisdiction prior to November 1, 1989, **would have to register** pursuant to SORA if they enter Oklahoma on or after November 1, 1989, and resides, works or attends school in Oklahoma after November 1, 1989.

¶ 15 Recently, this Court has held SORA and its numerous amendments when viewed in their entirety, have a punitive effect that outweighs their non-punitive purpose and therefore a retroactive application of SORA's registration provisions would violate the ex post facto clause in the Oklahoma Constitution.[14] *Starkey v. Oklahoma Department of Corrections,* 2013 OK 43, 305 P.3d 1004. In *Starkey,* this Court held the controlling registration requirements are those in effect when a sex offender, who was convicted in another jurisdiction, enters Oklahoma and becomes subject to SORA. *Starkey,* 2013 OK 43 at ¶ 82, 305 P.3d 1004. *Starkey*'s requirement of a prospective application of SORA prevents the very situation here where the Department waited five and one-half years to notify Bollin of his alleged obligation to register. During that period the legislature amended SORA multiple times, adding drastic increases in registration periods. *Starkey*'s holding prohibits the Department from waiting until the most restrictive requirements are passed by the legislature before notifying an individual of their obligation to register.

¶ 16 When Bollin entered Oklahoma in June 2004 the law did not require a person with a pre-SORA conviction in another jurisdiction to register. Therefore, under the ruling in *Starkey v. Oklahoma Department of Corrections,* 2013 OK 43, 305 P.3d 1004, Bollin was not required to register. The trial court's order granting a permanent injunction prohibiting the State· of Oklahoma from requiring Bollin to register under SORA as a sex offender and granting him relief from all its provisions is affirmed.

**OPINION OF THE COURT OF CIVIL APPEALS VACATED; THE TRIAL COURT'S ORDER GRANTING PERMANENT INJUNCTION AND RELIEF FROM ALL PROVISIONS OF SORA IS AFFIRMED**

¶ 17 COLBERT, C.J., REIF, V.C.J., KAUGER, WATT, EDMONDSON, COMBS, and GURICH, JJ., concur.

¶ 18 TAYLOR, J., joined by WINCHESTER, J., dissenting:

I dissent for the same reasons that I stated in my dissent in *Starkey v. Oklahoma Department of Corrections,* 2013 OK 43, 305 P.3d 1004.