2013 OK 80

**Jonathan Clark BURK, Appellant,**

v.

**STATE of Oklahoma ex rel. DE-PARTMENT OF CORREC-TIONS, Appellee.**

**No. 108301.**

Supreme Court of Oklahoma.

Oct. 1, 2013.

Jerry Kite, Oklahoma City, Oklahoma, for Appellant.

Larry Foster, II, Oklahoma Department of Corrections, Oklahoma City, Oklahoma, for Appellee.

COMBS, J.

¶1 The record indicates the Appellant, Jonathan Clark Burk (hereinafter "Burk") pled no contest to sex offenses in New Mexico on April 20, 1999.[1] On May 20, 1999, Burk was sentenced to nine years incarceration with two years on parole on Count I and three years incarceration with two years on parole on Count II.[2] All but four years of his sentence were suspended and upon his release Burk was to be placed on supervised probation for five years.[3]

¶2 The record does not reflect when Burk entered Oklahoma and first became subject to the Oklahoma Sex Offenders Registration Act (SORA), 57 O.S., § 581 et seq. However, on July 24, 2007, Burk began actual registration under SORA.[4] Following Burk's initial registration, the Appellee, State of Oklahoma ex rel. Oklahoma Department of Corrections (hereinafter "Department"), notified Burk by letter, dated May 21, 2008, that he had been assigned a numeric risk level of three and would now, from May 21, 2008, have to register for life. Burk claims prior to this determination of a

---

1. This information is found in the *Judgment, Sentence and Commitment* filed May 21, 1999, in the Sixth Judicial District Court, Grant County, New Mexico, and attached to the *Notice To Court* filed on January 6, 2010, by the Appellee in the underlying cause of action CJ–2009–1072, District Court of Comanche County, Oklahoma. The Appellee alleges in its Special Appearance with Motion to Dismiss Petition that Burk's crimes are analogous to "Lewd or Indecent Proposals/Acts to a Child" found in 21 O.S. § 1123.

2. Burk was charged with criminal sexual penetration in the second degree, a lesser included offense to Count I, and criminal sexual contact of a minor, a third degree felony, charged in Count II.

3. The *Judgment, Sentence and Commitment* did not indicate whether each Count of his sentence was to run concurrently or consecutively. However, the Supreme Court of New Mexico has held unless a court or statute specifies otherwise, two or more sentences are to be served concurrently. *Deats v. State*, 84 N.M. 405, 503 P.2d 1183 (N.M.App.1972).

4. This is taken from the Oklahoma Department of Corrections' website and attached as exhibit 1 of the Appellee's, Department of Corrections Special Appearance with Motion to Dismiss Petition, filed December 4, 2009.

level assignment he was only required to register for ten years.

¶ 3 On October 19, 2009, Burk filed a Motion to Override Risk Level Classification and Brief in Support pursuant to 57 O.S. Supp.2008, § 582.5(D). Title 57 O.S. Supp. 2008, §. 582.5(D) provided as follows:

D. The risk assessment review committee, the Department of Corrections, or a court may override a risk level only if the entity:

1. Believes that the risk level assessed is not an accurate prediction of the risk the offender poses to the community; and

2. Documents the reason for the override in the case file of the offender.

The statute provides no other guidelines on how this proceeding is to be commenced or conducted. Burk filed a motion to override rather than a petition. He claims he served the motion in a manner consistent with 12 O.S. Supp.2008, § 2005, which pertains to service of a motion, rather than pursuant to 12 O.S. Supp.2008, § 2004, which pertains to service of a summons and petition.

¶ 4 Less than **two weeks after Burk filed his motion,** new amendments to 57 O.S. Supp.2008, § 582.5(D) became effective. Effective November 1, 2009, amendments in HB 1509, 2009 Okla. Sess. Laws c. 404, § 4, added the following language to the end of subsection (D):

Provided, **in no event shall** the sex offender level assignment committee, the Department of Corrections, or **a court override and reduce a level assigned** to an offender as provided in subsection C of this section. (Emphasis added).

The trial court issued an order filed October 23, 2009, wherein it found although this matter would not be heard before November 1, 2009, it was timely filed and the court had continuing jurisdiction to hear the matter beyond November 1, 2009.[5]

5. This order was issued by another Comanche County, District Court Judge, Allen McCall, and not District Court Judge, Mark R. Smith.

6. The November 20, 2009, Order referred to, was the result of a hearing on Burk's motion to override which the Department failed to attend and where Judge Mark R. Smith found he could

¶ 5 On December 9, 2009, the Department filed a Special Appearance With Motion to Dismiss Petition. The Department asserted the legislature had divested the courts of the power or jurisdiction to reduce a level assigned to a sex offender because of the 2009 amendments to section 582.5(D). Thereafter, on December 23, 2009, the Department filed its Objection to Service and Motion to Reconsider or Withdraw Order from November 20, 2009.[6] The Department asserted no summons was ever received nor shown to be delivered pursuant to 12 O.S., § 2004 and restated its previous assertion the November 1, 2009, amendments to Section 582.5(D) were intended to be retroactive and the legislature had "withdrawn jurisdiction to lower a sex offender's level."

¶ 6 On January 13, 2010, the trial court denied Burk's motion finding it lacked the jurisdiction to grant the relief requested. The Journal Entry of Judgment did not address the Department's objection to service. On May 12, 2010, Burk commenced this appeal by filing a Combined Application to Assume Original Jurisdiction and Petition for Extraordinary Alternative Writ of Prohibition/Mandamus with this Court which was later recast as an appeal of a final order.

### STANDARD OF REVIEW

¶ 7 An order dismissing a case for failure to state a claim upon which relief can be granted is subject to *de novo* review. *Tuffy's, Inc. v. City of Oklahoma City,* 2009 OK 4, ¶ 6, 212 P.3d 1158, 1162.

### ANALYSIS

¶ 8 On appeal, the Department focuses on Burk's alleged failure to serve process as the reason for the trial court's ruling it lacked jurisdiction. However, the trial court did not state specifically why it lacked jurisdiction. The January 13, 2010, Journal En-

not make a meaningful decision on Burk's motion to override due to the court lacking information held by the Department. Judge Smith also ordered the Department to provide certain information and conduct certain duties including an evaluation of Burk to determine if he still posed a threat to re-offend.

try of Judgment concluded "[a]s this Court lacks the jurisdiction to grant the relief requested, Plaintiff's Motion to Transfer and Motion to Override his Risk Level Classification are hereby denied." A review of the record shows the Department's arguments relating to jurisdiction focused on the amendments to 57 O.S.2008, § 582.5(D).[7] It appears from the record the trial court made its decision relying on the legislative amendments to section 582.5(D) which removed the ability to reduce a level assignment.

¶ 9 Appellant asserts he filed his Motion to Override prior to the November 1, 2009, amendments to 582.5(D), therefore the court retained jurisdiction to hear his motion. Burk relies upon *Cole v. Silverado Foods, Inc.*, 2003 OK 81, 78 P.3d 542, to support his position. In *Cole*, this Court held "[t]he statute in effect at the time of the filing governs the claim's substantive law" and "[i]t is unaffected by the impact of amendatory modification." *Cole*, 2003 OK 81 at ¶ 16, 78 P.3d 542. Article 5, Section 54 of the Oklahoma Constitution states, "[t]he repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute." In *Cole* we found the terms of Section 54 "protect from legislative extinguishment 'accrued rights' or 'proceedings begun' under a repealed or amended statute." *Id.* at ¶ 14. This Court interpreted "proceedings begun" to mean the "essential steps or measure to invoke, establish or vindicate a right." *Id.* This Court further found "the terms of the statute in effect at the time the claim is filed are constitutionally shielded from invasion by after-enacted legislation." *Id.* We find Burk timely filed his Motion to Override to reduce his level assignment and the November 1, 2009, amendments eliminat-

ing the option to reduce a level assignment do not affect a proceeding already begun prior to the amendments' effective date. Therefore, the district court retained jurisdiction to modify Burk's level assignment.

¶ 10 Further, since this appeal was filed, this Court decided *Starkey v. Oklahoma Department of Corrections*, 2013 OK 43, 305 P.3d 1004. In *Starkey* we held the SORA level assignments were meant to be applied prospectively and not retroactively. *Starkey* also held the retroactive application of the level assignments to someone already registered would violate the ex post facto clause of the Oklahoma Constitution.[8] The record indicates Burk first began registering under SORA on July 24, 2007. The law creating the level assignment system took effect on November 1, 2007.[9] Therefore, pursuant to *Starkey*, the level assignments would not apply to Burk. There was never any need to have a modification hearing in the first place because the Department could not retroactively increase his registration period.

¶ 11 However, *Starkey* also held the controlling registration requirements are those which were in effect when an individual meeting the criteria of a sex offender, convicted in another jurisdiction, enters Oklahoma and becomes subject to SORA. Although the record indicates the date Burk began actual registration, July 24, 2007, it does not reflect when he first entered Oklahoma and became subject to SORA; nor does it reflect what provisions of SORA were applicable to him at that time. Burk believes he was only required to register for ten years. However, depending upon when he entered Oklahoma and became subject to SORA, this period may be ten years from the completion of his sentence rather than a flat ten year period.[10] These issues remain to be determined by the trial court on remand.

---

7. On appeal the Department asserts the court lacked jurisdiction because the Department was not properly served. However, if the trial court had dismissed this action because of failure to serve process it would have been premature. Burk filed his Motion to Override on October 19, 2009. The Journal Entry of Judgment was filed on January 13, 2010. This is much less than the one hundred and eighty (180) days allowed by 12 O.S. Supp.2009, § 2004(I), to serve process prior to dismissal.

8. *Starkey v. Oklahoma Department of Corrections*, 2013 OK 43, ¶ 81, 305 P.3d 1004, 1031.

9. HB 1760, 2007 Okla. Sess. Laws c. 261 (effective Nov. 1, 2007).

10. SB 1191, 2004 Okla. Sess. Laws c. 162, § 1 (effective April 26, 2004) amended 57 O.S. Supp. 2003, § 583 to increase the SORA registration period to ten years "from the completion of the sentence".

¶ 12 Therefore we hold, the trial court's Journal Entry of Judgment filed January 13, 2010, which found the trial court did not have jurisdiction to grant the relief requested in Appellant's Motion to Override Risk Level Classification is reversed and the matter is remanded for further proceedings consistent with *Starkey v. Oklahoma Department of Corrections,* 2013 OK 43, 305 P.3d 1004, and this opinion.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION**

¶ 13 COLBERT, C.J., REIF, V.C.J., KAUGER, WATT, EDMONDSON, COMBS, and GURICH, JJ., concur.

¶ 14 WINCHESTER, J., dissenting:

I dissent for the same reasons that I stated in my dissent in *Starkey v. Oklahoma Department of Corrections,* 2013 OK 43, 305 P.3d 1004.

¶ 15 TAYLOR, J., dissenting:

I dissent for the same reasons that I stated in my dissent in *Starkey v. Oklahoma Department of Corrections,* 2013 OK 43, 305 P.3d 1004.