## 2013 OK 106

**John David RANSDELL, Plaintiff/Appellant,**

**v.**

**STATE of Oklahoma, EX REL. OKLAHOMA DEPARTMENT OF CORRECTIONS, and Justin Jones as individually and as director, and John Doe, all members of the Sex Offender Level Assignment Committee, Defendants/Appellees.**

### No. 111589.

Supreme Court of Oklahoma.

Dec. 13, 2013.

Rehearing Denied March 13, 2014.

### ORDER OF SUMMARY DISPOSITION

¶ 1 In this case, the record reflects Plaintiff/Appellant, John David Ransdell came to Oklahoma in 1999,[1] well before the contested 2007–2008 sex offender level assignment system[2] was enacted in Oklahoma. In our recent decision in *Starkey v. Oklahoma Department of Corrections*, 2013 OK 43, 305 P.3d 1004, we determined the level assignment system is not to be applied retroactively and the applicable version of the Sex Offenders Registration Act, 57 O.S., § 581 et seq., is the one in place when an out-of-state sex offender enters Oklahoma with the intent "to 'be in the state' for the requisite period.... [3]" This case is dispositive of the issues presented.

¶ 2 Rule 1.201 of the Oklahoma Supreme Court Rules provides that "[i]n any case in which it appears that a prior controlling appellate decision is dispositive of the appeal, the court may summarily affirm or reverse, citing in its order of summary disposition this rule and the controlling decision. At any time during the pendency of the appeal any party may move for summary disposition, citing the prior controlling decision. The

motion shall be served on opposing counsel who may respond within ten (10) days. Thereafter, the court may enter an order summarily affirming, reversing, or denying the motion." Okla. Stat. tit. 12, chap. 15, app. 2 (Supp.1997).

¶ 3 IT IS THEREFORE ORDERED that the district court's Journal Entry of Judgment filed February 15, 2013, is hereby reversed and remanded for further proceedings consistent with *Starkey v. Oklahoma Department of Corrections*, 2013 OK 43, 305 P.3d 1004.

¶ 4 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 12th day of December, 2013.

¶ 5 COLBERT, C.J., REIF, V.C.J., KAUGER, WATT, EDMONDSON, COMBS and GURICH, JJ., concur.

¶ 6 WINCHESTER and TAYLOR, JJ., dissent.

¶ 7 TAYLOR, J., with whom WINCHESTER, J., joins, dissenting.

I dissent for the same reasons that I stated in my dissent in *Starkey v. Oklahoma Department of Corrections*, 2013 OK 43, 305 P.3d 1004.

---

1. Exhibit 4, attached to Plaintiff's Response to Defendant's Motion to Dismiss, is a letter dated August 19, 2011, from Ransdell's attorneys to Lawana Hamrick at the Department of Corrections. In the letter it states Ransdell moved to Oklahoma in 1999.

2. The risk level assignment system was enacted by HB 1760, 2007 Okla. Sess. Laws c. 261 (eff. Nov. 1, 2007); it was amended six months later by HB 2783, 2008 Okla. Sess. Laws c. 94 (emerg. April 29, 2008) to include out-of-state sex offenders.

3. *Starkey v. Oklahoma Department of Corrections*, 2013 OK 43, ¶ 82, 305 P.3d 1004, 1031.